UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
PAUL QUATINETZ,
individually and on behalf of a class         Case No.
Plaintiff,

**COMPLAINT- CLASS ACTION**

ECO SHIELD PEST CONTROL
NEW YORK CITY LLC;
and OPTIO SOLUTIONS LLC
Defendants.
--------------------------------------------------------X

**COMPLAINT- CLASS ACTION**

1.  Plaintiff, Paul Quatinetz, brings this class action lawsuit against Eco Shield Pest Control New York City LLC ("Eco Shield") and Optio Solutions LLC ("Optio") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and General Business Law § 349 ("GBL").

2.  Plaintiff entered into a contract for Eco Shield to provide him with pest control services for his home. See Exhibit A for the service agreement and the service contract.

3.  Thus, the debt arose from expenses primarily for personal, family, or household purposes.

4.  Eco Shield misrepresented its services and its cost. See Exhibit B for email from Plaintiff to Eco Shield cancelling his service.

5.  In or about June of 2019, Optio sought to collect a debt of $205 arising from this contract. See Exhibit C for the collection letter.

6.  Upon information and belief, the $205 includes a collection fee of $15.

7.  A collection fee is not warranted by the contract.

8.  Plaintiff suffered frustration and irritation as a result of Defendants' conduct.

9. Plaintiff also suffered a loss of time dealing with the deceptive, false and unfair collection attempt.

10. Plaintiff seeks an injunction that will put an end to this harassing, deceptive and unfair practice as well as monetary relief.

## JURISDICTION AND VENUE

11. This Court has jurisdiction under 15 USC § 1692(k) (FDCPA) and supplemental jurisdiction for the state law claim under 28 USC § 1367.

12. Venue in this District is proper because a substantial part of the events giving rise to this lawsuit occurred within this district.

## PARTIES

13. Defendant, "Optio" is a Delaware limited liability company engaged in consumer debt collection. https://www.optiosolutions.com/ Website checked September 12, 2019.

14. Optio is a "debt collector" as defined by the FDCPA.

15. Eco Shield is an Arizona limited liability company corporation in New York engaged in the business of pest control. https://www.ecoshieldpest.com/locations/new-york-ny/ Website checked September 12, 2019.

16. Eco Shield regularly provides pest control services to consumers in the state of New York.

17. Plaintiff is a consumer as defined by the FDCPA and GBL 349.

## VIOLATIONS ALLEGED

### COUNT I – FDCPA CLAIM AGAINST OPTIO

18. Plaintiff incorporates all of the above paragraphs as though fully stated herein.

19. § 1692e provides 16 specific prohibited categories of unlawful conduct preceded by a statement that "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

20. § 1692f provides 8 specific prohibited categories of unlawful conduct preceded by a statement that "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

21. § 1692g provides specific information which must be provided to a debtor after a debt collector makes initial contact.

22. Optio's violations of the FDCPA include but are not limited to:

-1692e(2)(A) by falsely representing the character, amount and legal status of the debt

-1692e(10) by misrepresenting the amount of the debt

-1692f(1) by attempting to collect an unauthorized fee, charge or expense

-1692g(1) by falsely stating the amount of the debt

WHEREFORE, plaintiff requests that the Court enter judgment in his

favor and against OPTIO for:

(1) Appropriate statutory damages;

(2) Litigation expenses, attorney's fees and costs of suit;

(3) Such other or further relief as the Court deems proper.

**COUNT II – GBL CLAIM AGAINST ECO SHIELD and OPTIO**

23. Plaintiff incorporates all of the above paragraphs as though fully stated herein.

24. Eco Shield and Optio engaged in consumer oriented conduct.

25. Eco Shield and Optio caused harm to the plaintiff because they were seeking money without basis and caused plaintiff to suffer emotional distress.

26. Eco Shield breached its contract with Plaintiff by attempting to collect additional fees

27. Eco Shield and Optio routinely attempt to collect unauthorized fees arising from consumer debts.

28. Eco Shield and Optio's conduct affect the consuming public at large.

29. Eco Shield and Optio engaged in deceptive conduct by attempting to collect an unauthorized fee.

WHEREFORE, plaintiff requests that the Court enter judgment in his favor and against Eco Shield and Optio for:

(1) An order enjoining Eco Shield and Optio's collection of unwarranted fees;

(2) Fifty Dollars

(3) Litigation expenses, attorney's fees and costs of suit;

(4) Such other or further relief as the Court deems proper.

## CLASS ALLEGATIONS

30. Plaintiffs bring this action pursuant to FRCP 23(a); and FRCP 23(b)(2) and FRCP 23(b)(3) and on behalf of himself and the classes of individuals listed below.

31. The first class is composed of:

All individuals with a New York State address where Optio mailed a collection letter on behalf of Eco Shield that was not returned undeliverable where the balance included a fee that was not authorized by the agreement on or after a date one year prior to the filing of this action.

32.     The second class is composed of:

All individuals with a New York State address where Optio mailed a collection letter on behalf of Eco Shield that was not returned undeliverable where the balance included a fee that was not authorized by the agreement on or after a date three years prior to the filing of this action.

33.     Numerosity: Each class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to allege at this time the exact number of class members; however, Plaintiff believes that there are at a minimum thousands of Class Members. Plaintiff believes that Defendants' records maintained in the ordinary course of business will readily reveal the exact number of class members.

34.     Commonality: This action presents material questions of law and fact common to the Classes. Such questions include but are not limited to-

Did Eco Shield and Optio cause harm to the class as defined by GBL 349?

Did Eco Shield and Optio engage in a deceptive act as to the class?

Was Optio allowed to collect a collection fee?

35.     Typicality: Plaintiffs' claims are typical of the claims of other members of each Class, as Plaintiff and other members of the Class suffered the same type of harm arising out of Defendants' attempt to enforce a non-existent judgment.

36.     Adequate Representation: Plaintiff will fairly and adequately represent and protect the interests of each Class. He has retained counsel competent and experienced in complex class actions. Plaintiff is a member of each Class, Plaintiff has no interest antagonistic to any other members of each Class, and Defendant has no defenses unique to Plaintiff.

 37.     Predominance: The questions of law or fact common to each Class Members predominate over any questions affecting only individual members. Defendants' course of conduct can be discovered without any need for participation by individual Class Members. Similarly, this Court's determination of law can be made without any need for participation by individual Class Members. Each Class's claims present no issues of causation or reliance unique to individual class members.

38.     Superiority: A class action is superior to all other methods for the fair and efficient adjudication of this controversy. This action presents textbook facts and circumstances for the conduct of a class action to afford each individual Class Member a fair and efficient manner by which to prosecute his or her common claims and, likewise, a fair and efficient manner by which Defendant may defend such claims.

39.     Individual prosecution of this matter in separate actions is not desirable as each Class Member's damages likely is in the hundreds of dollars and they will need to incur nearly the same investment to prosecute their individual case as plaintiff in this case will incur to prosecute this case. The interests of individual Class Members are overwhelmingly best served by the conduct of a class action.

40.     Individual litigation of this matter would unduly increase expenses to all parties and prolong efficient adjudication given the expected size of the class.

41.     Upon information and belief, there is no other litigation concerning this controversy that has already been commenced by or against members of the class.

42.     Class membership is easily identifiable from Defendants' records that they maintain such as name, social security number, last known address and other identifying data.

WHEREFORE, plaintiff requests that the Court certify each class and enter judgment in his favor and the class's favor and against ECO SHIELD and OPTIO for:

(1)     Certifying each class identified above;

(2)     Statutory damages of $1,000 per the FDCPA;

(3)     Statutory damages of $50 per GBL 349.

(4)     An injunction prohibiting defendants adding unlawful fees to their contract;

(5)     Litigation expenses, attorney's fees and costs of suit;

(6)     Such other or further relief as the Court deems proper.

**Jury Trial Demand.**

Plaintiff demands a jury on all issues so triable.

Dated this 16th day of September 2019.

Respectfully submitted,

By: /s/ Shimshon Wexler
The Law Offices of Shimshon Wexler, PC
216 West 104th St., #129
New York, New York 10025
(212) 760-2400
(917) 512-6132 (FAX)
swexleresq@gmail.com