

Pre-motion conference to be held on 11/18/19 at 4:30 pm.

Becky L. Caruso
Tel 973.443.3252
Fax 973.801.3410
carusob@gtlaw.com

SO ORDERED.

*Cathy Seibel*   10/15/19

CATHY SEIBEL, U.S.D.J.

October 14, 2019

VIA ECF

The Honorable Cathy Seibel, U.S.D.J.
United States District Court for the Southern District of New York
The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601

      Re:   *Paul Quatinetz v. Optio Solutions LLC et al*
              Civil Action No. 7:19-cv-08576-CS

Dear Judge Seibel:

      We represent defendant Eco Shield Pest Control New York City, LLC ("Eco Shield") in the above-captioned matter. We write pursuant to Your Honor's individual rules and practices to request a pre-motion conference in connection with Eco Shield's anticipated motion to dismiss pursuant to Rule 12(b)(6).

**A. Quatinetz' claim regarding misrepresentation of the $160 monthly service charge is non-cognizable under New York General Business Law § 349 and directly contradicts the Service Agreement signed and agreed upon by Plaintiff, wherein the fee was previously disclosed.**

      "Deceptive practices" under New York General Business Law § 349, are "acts which are dishonest or misleading in a material respect." *Spagnola v. Chubb Corp.*, 574 F.3d 64, 74 (2d Cir. 2009) (citing *Kramer v. Pollock-Krasner Found.*, 890 F. Supp. 250, 258 (S.D.N.Y. 1995)). To show that the acts complained of were materially misleading, a plaintiff must show that the acts were "likely to mislead a reasonable consumer acting reasonably under the circumstances." *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 26, 647 N.E.2d 741, 745 (1995). Accordingly, "[t]here can be no claim for deceptive acts or practices. . . when the alleged deceptive practice was fully disclosed." *Chiste v. Hotels.com L.P.*, 756 F. Supp. 2d 382, 404 (S.D.N.Y. 2010).

      Quatinetz claims Eco Shield "misrepresented its services and costs," citing Exhibit B as evidence. Exhibit B relates to his claims that he "never signed a contract for 160 per month" and essentially that Eco Shield's services were deficient. *See* Exh. B. Directly

ALBANY
AMSTERDAM
ATLANTA
AUSTIN
BERLIN¬
BOCA RATON
BOSTON
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON*
LOS ANGELES
MEXICO CITY+
MIAMI
MILAN**
NEW JERSEY
NEW YORK
NORTHERN VIRGINIA
ORANGE COUNTY
ORLANDO
PHILADELPHIA
PHOENIX
ROME**
SACRAMENTO
SAN FRANCISCO
SEOUL∞
SHANGHAI
SILICON VALLEY
TALLAHASSEE
TAMPA
TEL AVIV^
TOKYO¤
WARSAW~
WASHINGTON, D.C.
WESTCHESTER COUNTY
WEST PALM BEACH

¬ OPERATES AS
GREENBERG TRAURIG GERMANY, LLP
* OPERATES AS
GREENBERG TRAURIG MAHER LLP
+ OPERATES AS
GREENBERG TRAURIG, S.C.
** STRATEGIC ALLIANCE
∞ OPERATES AS
GREENBERG TRAURIG LLP
FOREIGN LEGAL CONSULTANT OFFICE
^ A BRANCH OF
GREENBERG TRAURIG, P.A.,
FLORIDA USA
¤ OPERATES AS
GT TOKYO HORITSU JIMUSHO
~ OPERATES AS
GREENBERG TRAURIG GRZESIAK SP.K.

contradicting his claims, however, is the fact that the Service Agreement explicitly provided for recurring $160 payments made, and to be made, in July 2018, August 2018, December 2018, March 2019, and June 2019. *See* Exh. A. Because Eco Shield fully disclosed the monthly payments in the Service Agreement—which Quatinetz signed and agreed to—there was no deception.

And apart from being completely unsupported, Quatinetz' claim for deficient service is not cognizable under § 349. Courts have regularly and repeatedly rejected "the argument that consumers 'who buy a product that they would not have purchased, absent a manufacturer's deceptive commercial practices, have suffered an injury.'" *Brady v. Basic Research, L.L.C.*, 101 F. Supp. 3d 217, 236 (E.D.N.Y. 2015) (quoting *Small v. Lorillard Tobacco Co.*, 94 N.Y.2d 43, 56, 720 N.E.2d 892, 905 (1999)); *see also Sokoloff v. Town Sports Int'l, Inc.*, 6 A.D.3d 185, 186 788 N.Y.S.2d 9, 10 (1st Dept. 2004) (dismissing a health club member's deceptive practice claim because the member "alleged no other loss besides the payment of her membership fee" and stating that the member never claimed "that the health club failed to deliver services called for under the contract").

To the extent Quatinetz claims he suffered emotional distress, he cannot use emotional distress to circumvent the requirement that there be a deceptive act and injury. Indeed, to allow otherwise would be to permit § 349 claims based on completely lawful conduct so long as the lawful conduct results in some level of frustration. And even then, Quatinetz has not alleged any conduct that was extreme, outrageous, exceeding the bounds of decency, or regarded as atrocious and intolerable in a civilized community. *See LoPresti v. Antonacci*, 71 A.D.3d 574, 575, 899 N.Y.S.2d 10, 10 (1st Dept. 2010).

Nor does he properly request a remedy associated with the misrepresentation of the $160 service charge or seek emotional damages as relief. Apart from the statutory violation, he asks only for "[a]n order enjoining Eco Shield and Optio's collection of unwarranted fees." Complaint at 4. The unwarranted fee cannot be related to the $160 service charge discussed above, since it was fully provided for by the agreed upon contract, but can only relate to the supposed $15 collection fee.

For the foregoing reasons, Quatinetz' Complaint, as it relates to misrepresentation and the $160 charge, is subject to dismissal.

### B. Quatinetz provides nothing more than a blanket allegation regarding the $15 collection fee.

Quatinetz claims that, "[u]pon information and belief, the $205 includes a collection fee of $15," and that "[a] collection fee is not warranted by the contract." Complaint at 1. Quatinetz otherwise only generally alleges, as to the § 349 claim, that Eco Shield has attempted to collect an unauthorized fee. Complaint at 4. His attached exhibits do not display any $15 charge however, and to the extent he claims the $205 charge includes a $15 fee, he offers no additional support for his assertion. *See Millennium Health, LLC v. EmblemHealth, Inc.*, 240 F. Supp. 3d 276, 286 (S.D.N.Y. 2017) (blanket allegations are "insufficient to plead a materially misleading

Hon. Cathy Seibel, U.S.D.J.
October 14, 2019
Page 3

deceptive act or practice").

Exhibit A reflects only the Service Agreement: it nowhere lists a $15 charge. Exhibit B, as stated above, reflects only his cancelation of services and cannot be used as a basis for misrepresentation of a $15 charge. And Exhibit C, to the extent it shows a $205 balance, nowhere lists a $15 fee nor provides a breakdown showing that collection of a $15 fee was attempted. Quatinetz' claim is insufficient and should be dismissed.

For the foregoing reasons, Quatinetz' Complaint, as it relates to the $15 collection fee, is subject to dismissal.

### C. Quatinetz' class allegations are insufficient.

As to his class allegations, his first and second classes are composed solely of individuals whom Optio mailed a collection letter that included a fee "not authorized by the agreement," i.e., his claim of a $15 collection fee. Complaint at 4–5. He does not allege a class complaint related to the misrepresentation of services/$160 per month service charge. And to the extent Quatinetz claims Eco Shield's conduct as to the $160 service fee and the $15 collection fee cannot be separated, he fails to show any deceptive act related to the $160 charge nor can he prove commonality of that broad and speculative a class. *See Tomassini v. FCA US LLC*, 326 F.R.D. 375, 385 (N.D.N.Y. 2018) ("a class cannot be certified if any person captured within the class definition lacks Article III standing").

For all the foregoing reasons, Quartinetz' Complaint is subject to dismissal.

Thank you for your consideration of this matter.

Respectfully submitted,

*/s/ Becky L. Caruso*

Becky L. Caruso

cc: Counsel of record (via ECF)