*The Law Offices of Shimshon Wexler, PC*
*216 W. 104th St, #129*
*New York, NY 10025*
*Tel (212)760-2400*

November 11, 2019

**Through CM/ECF**
The Honorable Cathy Seibel
U.S. District Judge, S.D.N.Y
300 Quarropas St.
White Plains, NY 10601

    Re:   Quatinetz v. Optio Solutions LLC et al.
            Civil Action No. 7:19-cv-08576-CS

Dear Judge Seibel:

   I represent the Plaintiff and the purported class in the above referenced matter. I write under Your Honor's Individual Practices in response to Eco Shield Pest Control New York City, LLC's ("Eco Shield") pre-motion letter [Doc. No. 12] about their anticipated motion to dismiss the complaint.

   General Business Law § 349 ("GBL § 349")provides a means "to vindicate the rights of a class of consumers allegedly subjected to unwarranted fees" and "[a]llegations of a [company's] unilateral imposition of illegal and/or unwarranted fees upon its customers states a valid claim of consumer fraud." *Negrin v. Norwest Mortg., Inc.*, 263 A.D.2d 39, 49-50 (2d Dep't 1999). In paragraphs 5, 6, 7, 25, 26, 27 and 29 of the Amended Complaint, Plaintiff specifically alleges that Eco Shield, pest control services company, charged him an unauthorized $15 collection fee. The $15 collection fee was unauthorized because the contract between Eco Shield and Plaintiff did not provide for a collection fee. Thus, there was no basis for the collection fee. Caselaw is clear that GBL§ 349 provides a cause of action for a consumer who is subject to the imposition of unwarranted fees. The reasonable consumer would believe that it is a valid fee. "To state a claim for deceptive practices under section 349, a plaintiff must show: (1) that the act, practice, or advertisement was consumer-oriented; (2) that the act, practice, or advertisement was misleading in a material respect; and (3) that the plaintiff was injured as a result of the deceptive act, practice, or advertisement." *Consumer Fin. Prot. Bureau v. RD Legal Funding, LLC*, 332 F. Supp. 3d 729, 781 (S.D.N.Y. 2018)

quoting *Pelman ex rel. Pelman v. McDonald's Corp.*, 396 F. Supp. 2d 439, 444 (S.D.N.Y. 2005). Eco Shield does not contest that Plaintiff satisfies elements (1) and (3) and this paragraph explains why element (2) is satisfied.

Eco Shield's letter Section A should be disregarded for it discusses non-existent claims. Plaintiff has no claims over the misrepresentation of monthly charges. Plaintiff was providing factual background information.

The class allegations should not be struck. In Part C Eco Shield states vaguely that the class allegations are insufficient. If Eco Shield means that it intends to contest the merits of a class certification motion, that is fine with Plaintiff. That said, if Eco Shield desires that the Court strike Plaintiff's class allegations at the outset, Plaintiff does protest that. "Motions to strike are generally looked upon with disfavor [and] a motion to strike class allegations ... is even more disfavored because it requires a reviewing court to preemptively terminate the class aspects of ... litigation, solely on the basis of what is alleged in the complaint and before plaintiffs are permitted to complete the discovery to which they would otherwise be entitled on questions relevant to class certification." *Chen-Oster v. Goldman, Sachs & Co.*, 877 F. Supp. 2d 113, 118 (S.D.N.Y. 2012) quoting *Chenensky v. New York Life Ins. Co.*, No. 07 Civ. 11504, 2011 WL 1795305, at *1, 2011 U.S. Dist. LEXIS 48199, at *3–4 (S.D.N.Y. Apr. 27, 2011) (citations and internal quotation marks omitted). The case cited by Eco Shield involved a contested class certification motion. Eco Shield's argument that class certification is inappropriate should wait until a class certification motion is filed.

Plaintiff's Complaint is not subject to dismissal and discovery should begin.

I thank the Court for its consideration of this letter

                                               s/ Shimshon Wexler