UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X

PAUL QUATINETZ, individually and on behalf of a class

           Plaintiffs,

Case No. 7:19-cv-08576-CS

**FIRST AMENDED CLASS
ACTION COMPLAINT**

ECO SHIELD PEST CONTROL
NEW YORK CITY LLC;
and OPTIO SOLUTIONS LLC

           Defendants.

-----------------------------------------------------X

Plaintiff, Paul Quatinetz, by and through his attorneys, Shimshon Wexler Esq., and Ryan Gentile, Esq., hereby amends his complaint and alleges as follows:

**INTRODUCTION**

1. Plaintiff, on his own behalf and on behalf of the classes he seeks to represent, brings this action to secure redress for the deceptive acts and practices utilized by Eco Shield Pest Control New York City LLC ("Eco Shield") and the deceptive acts and debt collection practices utilized by Optio Solutions LLC ("Optio").

2. Plaintiff alleges that Eco Shield's deceptive practices violated Section 349 of New York's General Business Law ("GBL").

3. Plaintiff alleges that Optio's collection practices violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and Section 349 of New York's General Business Law ("GBL")

## JURISDICTION AND VENUE

4.  This Court has jurisdiction over Plaintiff's FDCPA claim pursuant to 15 U.S.C. §
    1692k(d) and 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's New York
    state law claim pursuant to 28 U.S.C. § 1367.

5.  Venue and personal jurisdiction in this District are proper because:

    a.  The acts giving rise to this lawsuit occurred within this District; and

    b.  Defendants do business within this District.

## PARTIES

6.  Plaintiff, Paul Quatinetz, is an individual natural person who at all relevant times resided
    in the City of Scarsdale, County of Westchester, State of New York.

7.  Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8.  Plaintiff is a "consumer" as defined by GBL.

9.  Optio is a Delaware limited liability company engaged in business of collecting consumer
    debts with its principal place of business located at 1444 N Mcdowell Blvd
    Petaluma, CA 94954.

10. The principal purpose of Optio is the collection of debts using the mail and telephone.

11. Optio regularly collects or attempts to collect, directly or indirectly, debts owed or due or
    asserted to be owed or due another.

12. Optio's website states in relevant part: "Optio Solutions is committed to being a leader in
    the debt collection industry while taking the existing standard of excellence to a new
    plateau. (https://www.optiosolutions.com/optio-advantage-2/mission-vision-values/)(Last
    Visited December 6, 2019)

13. Optio is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

14. Eco Shield is an Arizona limited liability company that is engaged in the business of pest control. (https://www.ecoshieldpest.com/locations/new-york-ny/) Last Visited December 6, 2019)

15. Eco Shield regularly provides pest control services to consumers in the state of New York.

## **FACTS**

16. Plaintiff entered into a contract with Eco Shield wherein Eco Shield was to provide Plaintiff with pest control services for his home. (Annexed hereto as **Exhibit A** is a copy of the service agreement and contract between Plaintiff and Eco Shield)

17. Eco Shield misrepresented its services and its costs, and as a result, Plaintiff cancelled his services with Eco Shield. (Annexed hereto as **Exhibit B** is an email from Plaintiff to Eco Shield cancelling his service with them)

18. Following Plaintiff cancelling his service with Eco Shield, Eco Shield alleged that Plaintiff still owed them a debt arising out of the contract attached as **Exhibit A** (the "Debt").

19. The Debt arose out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, namely fees emanating from a person services agreement between Plaintiff and Eco Shield to provide pest control services for the Plaintiff's residence.

20. The Debt arose out of an account with Eco Shield which Plaintiff opened for his personal use, namely pest control services for his residence.

21. Plaintiff's account with Eco Shield was neither opened nor used by Plaintiff for business purposes.

22. Plaintiff's alleged debt to Eco Shield is a "debt" as defined by 15 U.S.C. § 1692a(5).

23. Sometime after the incurrence of the Debt, but before the initiation of this action, Plaintiff was alleged to have fallen behind on payments owed on the alleged Debt.

24. The Debt went into default because of non-payment.

25. At a time known only to Optio, Plaintiff's Debt was referred by Eco Shield to Optio for collection.

26. Optio contends that the Debt is in default.

27. Eco Shield contends that the Debt is in default.

28. The Debt was in default at the time it was referred by Eco Shield to Optio for collection.

29. The Debt was past-due at the time it was referred by Eco Shield to Optio for collection.

30. At all times relevant hereto, Defendants acted in an attempt to collect the Debt.

31. On or about June 10, 2019, Optio mailed or caused to be mailed a collection letter to Plaintiff (the "Letter"). (Annexed and attached hereto as **Exhibit C** is a copy of the letter dated June 10, 2019 that Optio mailed to the Plaintiff)

32. Optio mailed the Letter dated June 10, 2019 attached as **Exhibit C** as a part of their efforts to collect the Debt.

33. Optio mailed the Letter dated June 10, 2019 attached as **Exhibit C** at the direction and request of Eco Shield.

34. Upon information and belief, Eco Shield participated in drafting the Letter and provided the information necessary for the Letter to be drafted.

35. Plaintiff received the Letter in the mail.

36. Plaintiff read the Letter upon receipt of the letter in the mail.

37. Exhibit A was sent in connection with the collection of the Debt.

38. Exhibit A seeks to collect the Debt.

39. Exhibit A conveyed information regarding the Debt including the Balance Due, Optio reference number and a demand for payment.

40. The Letter attached as Exhibit A is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

41. The Letter attached as Exhibit A is the first written communication that Optio sent to Plaintiff.

42. Opio did not communicate with the Plaintiff in anyway prior to sending the Letter attached as Exhibit A.

43. The Letter attached as Exhibit A is the initial "communication" as that term is defined by 15 U.S.C. § 1692a(2) between Optio as Plaintiff.

44.  The Letter states in relevant part that the Plaintiff is indebted to Eco Shield in the amount of $205.

45. The Letter does not disclose or otherwise provide a breakdown of the fees and charges that constitute the alleged $205 balance.

46. The Plaintiff was not indebted to Eco Shield in the amount of $205.

47. As per the terms of the contract attached as **Exhibit A**, Plaintiff would have been indebted to Eco Shield, as most, in the amount of $190.

48. The reason the Letter stated that the Plaintiff owed Eco Shield $205 instead of $190 was because Eco Shield added a "collection fee" of $15 to the $190 balance that Plaintiff allegedly owed Eco Shield.

49. In the alternative, Optio added the $15 "collection fee" to the $190 balance allegedly due to Eco Shield.

50. In the alternative, Eco Shield added the $15 collection fee and Optio was aware that a $15 "collection fee", which was not allowed by the contract between Plaintiff and ECO Shield, was added to the $190 balance.

51.  A collection fee of any amount, let alone $15, is not warranted or allowed to be charged by Eco Shield or otherwise assessed against the Plaintiff by the contract between Plaintiff and Eco Shield attached as **Exhibit A**.

52. A collection fee of any amount, let alone $15, is not warranted or allowed to be charged by Eco Shield or otherwise assessed against the Plaintiff by any legal statute.

53. The "collection fee" of $15 that was added to Plaintiff's alleged Debt of $190 was not justly due and/or legally chargeable against the Plaintiff under the contract attached as **Exhibit A** between Plaintiff and Eco Shield or by any statute.

54. Eco Shield knowingly attempted to collect a collection fee that was not justly due and legally chargeable against the Plaintiff.

55. Eco Shield knowingly asserted a right to a collection fee that was not justly due and legally chargeable against the Plaintiff.

56. Upon information and belief, it is Eco Shield's policy and regular practice to add and attempt to collect a "collection fee" of $15 to any amount they claim they are owed on a defaulted account, even though their standardized contract with consumers does not allow or give them any right to add or collect such a fee.

57. Opio knowingly attempted to collect and asserted a right to collect a collection fee in their Letter that was not justly due and legally chargeable against the Plaintiff.

58. The "collection fee" of $15 was not disclosed or separately identified in any way by Defendants, the Letter simply stated that Plaintiff owed $205. Plaintiff, as well as any

consumer who received a similar letter from Optio, would have no idea that the balance

of the debt listed in the collection letter included a $15 "collection fee" because the $15

collection fee which was added to the balance of their alleged debt was never identified

or otherwise disclosed to Plaintiff and other similarly situated consumers.

59. Plaintiff suffered frustration, stress and irritation as a result of the Defendants' conduct

described above.

60. Plaintiff also suffered a loss of time dealing with the deceptive, false and unfair collection

attempts by Defendants described above.

61. Plaintiff seeks an injunction that will put an end to this harassing, deceptive and unfair

practice utilized by the Defendants, as well as monetary relief.

## **CLAIMS FOR RELIEF**

## **COUNT I**

### **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
### **(Against Opio)**

62. The conduct of Optio in this case violates 15 U.S.C. §§ 1692, 1692e(2)(A), 1692e(10),

1692f(1), and 1692g(a)(1).

63. Collection letters and/or notices, such as Exhibit A sent by Optio to Plaintiff, are to be

evaluated by the objective standard of the "least sophisticated consumer."

64. § 1692e provides sixteen specific prohibited categories of unlawful conduct preceded by

a statement that "A debt collector may not use any false, deceptive, or misleading

representation or means in connection with the collection of any debt."

65. § 1692f provides eight specific prohibited categories of unlawful conduct preceded by a statement that "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

66. § 1692g provides specific information which a debt collector must provide to a consumer within five days after a debt collector makes initial contact with them. Amongst that specific information is a statement required by § 1692g(a)(1) of "the amount of the debt".

67. Optio's violations of the FDCPA include but are not limited to:

- § 1692e(2)(A) by falsely representing the character, amount and legal status of the Debt by stating in their Letter that the Plaintiff owed $205 when in fact he only owed $190. As stated above, the $15 collection fee added to the $190 Debt was not legally justifiable or chargeable against the Plaintiff as a part of the contract attached as Exhibit A or any statute.

- § 1692e(10) by misrepresenting the amount of the Debt in their Letter by stating that the Plaintiff owed $205 when in fact he only owed $190.

- § 1692f(1) by attempting to collect an unauthorized fee, charge or expense in that Optio attempted to collect a $15 "collection fee" from the Plaintiff that was not authorized by the contract between Plaintiff and Eco Shield or any legal statute.

- § 1692g(a)(1) by falsely communicating to Plaintiff the amount of the Debt he allegedly owed by stating in their Letter that the Plaintiff owed $205 when in fact he only owed $190.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Optio on Count I for:

1. An award of statutory damages for Plaintiff and the class members pursuant to 15 U.S.C. §1692k;

2. Attorneys' fees, litigation expenses and costs of suit pursuant to 15 U.S.C. §1692k; and

3. Such other and further relief as the Court deems proper.

## COUNT II

## VIOLATION OF NEW YORK STATE GENERAL BUSINESS LAW
### (Against Eco Shield)

68. Plaintiff incorporates all of the above paragraphs as though fully stated herein.

69. The conduct of Eco Shield described above violates Section 349 of the New York General Business Law.

70. Section 349 of New York's General Business Law prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in th[e] state." N.Y. Gen. Bus. Law § 349(a).

71. Eco Shield engaged in consumer-oriented conduct that affected the Plaintiff and other similarly situated consumers in the same manner.

72. The acts of Eco Shield described above have a broader impact on consumers at large because it is their regular practice and policy to add a $15 "collection fee" to any consumer's allegedly defaulted or past due account, even though their standard form contract provides no legal basis for adding any such "collection fee".

73. Eco Shield engaged in deceptive conduct by attempting to collect an unauthorized fee.

74. Eco Shield's deceptive practice of adding an illegitimate $15 "collection fee" to a consumer's allegedly past due or defaulted account and then attempted to collect said fee is exacerbated by the fact that said "collection fee" is hidden from consumers by Eco Shield. Eco Shield does disclose in any way to consumers that a $15 collection fee was added to their account when they send the account out for collection. The act of adding an unwarranted and illegal "collection fee" to a consumer's account and then hiding that fact from them is materially misleading to any reasonable consumer, and in this matter misled the Plaintiff.

75. A consumer receiving a bill or collection letter merely stating a total debt amount without disclosing or identifying that $15 of that debt consists of an unwarranted and illegal "collection fee", would mislead any reasonable consumer into believing that they owed the entire debt. This belief would be false because $15 of the debt is an unwarranted "collection fee", however the fact that any part of the debt consists of said "collection fee" is hidden from the consumer by Eco Shield.

76. Eco Shield caused harm to the Plaintiff because they asserted a right to a collection fee and attempted to collect a collection from Plaintiff that was not justly due and legally chargeable against the Plaintiff. Eco Shield sought money from Plaintiff without basis and thus caused Plaintiff to suffer emotional distress and other damages described *infra*.

77. Eco Shield breached its contract with Plaintiff by attempting to collect additional fees that were not warranted or allowed under said contract.

78. Eco Shield routinely attempts to collect unauthorized "collection fees" arising from consumer debts from individual in the state of New York.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Eco Shield on Count II for:

(1)    An order enjoining Eco Shield collection of unwarranted fees;

(2)    Statutory damages under New York's General Business Law.

(3)    Litigation expenses, attorney's fees and costs of suit;

(4)    Such other or further relief as the Court deems proper.

## COUNT III

## VIOLATION OF NEW YORK STATE GENERAL BUSINESS LAW
### (Against Optio)

79. Plaintiff incorporates all of the above paragraphs as though fully stated herein.

80. The conduct of Optio described above violates Section 349 of the New York General Business Law.

81. Section 349 of New York's General Business Law prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in th[e] state." N.Y. Gen. Bus. Law § 349(a).

82. Optio engaged in consumer-oriented conduct that affected the Plaintiff and other similarly situated consumers in the same manner.

83. The acts of Optio described above have a broader impact on consumers at large as it is their regular practice and policy to send collection letters to consumers that seek to collect an undisclosed $15 "collection fee" for accounts referred to them by Eco Shield, even though Optio knows such a collection fee is not warranted or allowd by Eco's Shield's standard contract.

84. Optio engaged in deceptive conduct by attempting to collect an unauthorized fee.

85. Optio's practice of attempting to collect an illegitimate $15 "collection fee" is exacerbated by the fact that said "collection fee" is hidden and not disclosed to consumers in Optio collection letters. For example, in their Letter attached as Exhibit C, nowhere does Optio's Letter contain a breakdown of the $205 amount or otherwise indicate or disclose that $15 of the $205 amount is for a "collection fee". The act of attempting to collect an unauthorized "collection fee" from consumers and not disclosing

to consumers that part of their debt consists of said unauthorized "collection fee" is

materially misleading to any reasonable consumer, and in this matter misled the Plaintiff.

86. A consumer receiving a bill or collection letter merely stating a total debt without

disclosing or identifying that $15 of the debt consists of an unwarranted "collection fee",

would be misled into believing that they owed the entire debt because the fact that $15 of

the debt is an unwarranted "collection fee" is hidden from them.

87. Optio caused harm to the Plaintiff because they were seeking to collect money from him

without basis and thus caused Plaintiff to suffer emotional distress and other damages

described *infra*.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against

Optio on Count III for:

(1)     An order enjoining Optio's collection of unwarranted fees;

(2)     Statutory damages under New York's General Business Law.

(3)     Litigation expenses, attorney's fees and costs of suit;

(4)     Such other or further relief as the Court deems proper.


## CLASS ALLEGATIONS

88. Plaintiffs bring this action pursuant to Fed. R. Civ. P. 23(a); Fed. R. Civ. P. 23(b)(2), and

FRCP 23(b)(3) and on behalf of himself and the classes of individuals listed below.

89. The first class is initially defined as:

> (a) all consumers (b) with a New York address (c) to whom Optio sent an initial
> collection letter seeking to collect a debt allegedly owed to Eco Shield (d) which
> letter is materially identical or substantially similar to letter attached as <u>Exhibit C</u>
> to the Complaint (e) which was not returned as undeliverable (f) on or after a date
> one year prior to the filing of this action and on or before a date 20 days after the
> filing of this action (g) which letter included the alleged conduct and practices
> described herein.

90. The second class is initially defined as:

>    (a) all individuals (b) with a New York address (c) that Eco Shield attempted to collect and/or asserted a right to collect, a collection fee from in addition to any amount Eco Shield claimed such individual owed them (d) on or after a date three years prior to the filing of this action.

91. The class definitions above may be subsequently modified or refined in an amended complaint or in any motion for class certification.

92. The proposed class specifically excludes the United States of America, the states of the Second Circuit, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Second Circuit and the United States Supreme Court.

93. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosit**y: Each class identified above is so numerous that joinder of all class members of each class is impracticable. Plaintiff is unable to allege at this time the exact number of class members for each class; however, Plaintiff believes that there are at a minimum thousands of members of each class. Plaintiff believes that Defendants' records maintained in the ordinary course of business will readily reveal the exact number of class members. The members of each class are ascertainable from Defendants' records because each class member has a name, social security number, last known address and other identifying data.

   b. **Commonality**: This action presents material questions of law and fact common to all members of each class. Such questions include but are not limited to-

- ▪ Did Eco Shield and Optio cause harm to the class members as defined by GBL 349?
- ▪ Did Eco Shield and Optio engage in a deceptive act as to the class members?
- ▪ Was Optio allowed to collect a collection fee?
- ▪ Was Eco Shield allowed to access a collection fee?

c. **Typicality**: Plaintiffs' claims are typical of the claims of other members of each Class, as Plaintiff and other members of the proposed classes suffered the same type of harm arising out of Defendants' identical conduct, namely their assessment of and attempts to collect a collection fee that was not authorized by any contract or statute.

d. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of each Class. He has retained counsel competent and experienced in complex class actions. Plaintiff is a member of each Class, Plaintiff has no interest antagonistic to any other members of each Class, and Defendant has no defenses unique to Plaintiff.

e. **Predominance**: The questions of law or fact common to each member of both proposed classes predominate over any questions affecting only individual members. Defendants' course of conduct can be discovered without any need for participation by individual class members. Similarly, this Court's determination of law can be made without any need for participation by individual class members. Each proposed class presents no issues of causation or reliance unique to individual class members.

f. **Superiority**: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members of each class would be impracticable. Class action treatment will permit

a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Furthermore, a class action is superior for the fair and efficient adjudication of this matter because individual actions are not economically feasible, members of the class are likely to be unaware of their rights or that they were violated, and Congress intended class actions to be the principal enforcement mechanism under the FDCPA. Finally, upon information and belief, there is no other litigation concerning this controversy that has already been commenced by or against members of the class.

**WHEREFORE**, plaintiff requests that the Court certify each class and enter judgment in his favor and the class's favor and against Eco Shield and Optio for:

(1)    Certifying each class identified above;

(2)    An award of statutory damages for Plaintiff and the class members pursuant to 15 U.S.C. §1692k;

(3)    An award of statutory damages for Plaintiff and the class members pursuant GBL 349.

(4)    An injunction prohibiting Defendants adding and/or attempting to collect unlawful fees;

(5)    Litigation expenses, attorney's fees and costs of suit;

(6)    Such other or further relief as the Court deems proper.

## <u>JURY TRIAL DEMANDED</u>

Plaintiff demands a jury on all issues so triable.

Dated: December 6, 2019
      New York, NY

                        Respectfully submitted,

                        By: /s/ Shimshon Wexler
                        The Law Offices of Shimshon Wexler, PC
                        216 West 104th St., #129
                        New York, New York 10025
                        (212) 760-2400
                        (917) 512-6132 (FAX)
                        swexleresq@gmail.com

                        By: Ryan Gentile, Esq.
                        *Attorney for Plaintiff*
                        Law Offices of Gus Michael Farinella, PC
                        110 Jericho Turnpike – Suite 100
                         Floral Park, NY 11001
                        Tel: (201) 873-7675
                        Fax: (516) 305-5566
                        rlg@lawgmf.com