UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X
PAUL QUATINETZ, individually and on
behalf of all others similarly situated,

        Plaintiff,

-against-

ECO SHIELD PEST CONTROL NEW
YORK CITY LLC; and OPTIO
SOLUTIONS LLC,
        Defendants.
-------------------------------------------------------X

Case No. 7:19-cv-08576-CS

**ORAL ARGUMENT REQUESTED**

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
ECO SHIELD PEST CONTROL NEW YORK CITY LLC'S
MOTION TO DISMISS COUNT II OF PLAINTIFF'S FIRST AMENDED CLASS
ACTION COMPLAINT**

---

Aaron T. Lloyd *(Admitted Pro Hac Vice)*
GREENBERG TRAURIG, LLP
2375 East Camelback Road
Suite 700
Phoenix, AZ  85016
(602) 445-8000 (Telephone)
(602) 445-8100 (Facsimile)
Email:  lloyda@gtlaw.com

Becky L. Caruso
GREENBERG TRAURIG, LLP
500 Campus Drive, Suite 400
Florham Park, NJ  07932
(973) 443-3252 (Telephone)
(973) 301-8410 (Facsimile)
Email:  carusob@gtlaw.com

Attorneys for Defendant Eco Shield Pest
Control New York City LLC

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................. 1
STATEMENT OF FACTS ........................................................................................................... 1
ARGUMENT ................................................................................................................................. 2
    I.  LEGAL STANDARD..................................................................................................... 2
    II.  THE COURT SHOULD DISMISS COUNT II OF THE COMPLAINT FOR FAILURE TO STATE A CLAIM BECAUSE PLAINTIFF FAILS TO PLEAD THAT ECO SHIELD CAUSED A COGNIZABLE GBL § 349 INJURY............................................. 3
CONCLUSION.............................................................................................................................. 6

*ACTIVE 47594045v6*

# **TABLE OF AUTHORITIES**

**Page(s)**

## **CASES**

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ...................................................................................................................2

*Belfiore v. Procter & Gamble Co.*,
 94 F. Supp. 3d 440 (E.D.N.Y. 2015) .........................................................................................4

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007) ...................................................................................................................2

*Bildstein v. MasterCard Int'l Inc.*,
 329 F. Supp. 410 (S.D.N.Y. 2004) .............................................................................................3

*Dash v. Seagate Tech. (U.S.) Holdings, Inc.*,
 27 F. Supp. 3d 357 (E.D.N.Y. 2014) .........................................................................................4

*Frank v. DaimlerChrysler Corp.*,
 292 A.D.2d 118, 741 N.Y.S.2d 9 (1st Dept. 2002) ...................................................................3

*Gottlieb Dev., LLC v. Paramount Pictures Corp.*,
 590 F. Supp. 2d 625 (S.D.N.Y. 2008) ........................................................................................5

*Lebowitz v. Dow Jones & Co.*,
 847 F. Supp. 2d 599 (S.D.N.Y. 2012) ....................................................................................3, 5

*Leider v. Ralfe*,
 387 F. Supp. 2d 283 (S.D.N.Y. 2005) ........................................................................................3

*Miller v. Wells Fargo Bank, N.A.*,
 994 F. Supp. 2d 542 (2014) .......................................................................................................5

*Negrin v. Norwest Mtge.*,
 263 A.D.2d 39, 700 N.Y.S.2d 184 (2d Dept. 1999) ..................................................................6

*Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*,
 85 N.Y.2d 20, 623 N.Y.S.2d 529 (1995) ...............................................................................3, 5

*Preira v. Bancorp Bank*,
 885 F. Supp. 2d 672 (S.D.N.Y. 2012) ....................................................................................3, 4

*Small v. Lorillard Tobacco Co.*,
 94 N.Y.2d 43, 698 N.Y.S.2d 615 (1999) ...................................................................................4

*Tomasino v. Estee Lauder Cos.*,
    44 F. Supp. 3d 251 (E.D.N.Y. 2014) ..................................................................................4

*Yee Ting Lau v. Pret A Manger Ltd.*,
    No. 17-cv-5775 (LAK), 2018 WL 4682014 (S.D.N.Y. Sept. 28, 2018) ...................................4

## **STATUTES**

New York General Business Law § 349 ................................................................................. *passim*

## **OTHER AUTHORITIES**

Black's Law Dictionary (11th ed. 2019) ......................................................................................3

Fed. R. Civ. P. 8 ..........................................................................................................................2

Fed. R. Civ. P. 12 .....................................................................................................................1, 2

Defendant Eco Shield Pest Control New York City LLC ("Eco Shield" or "Defendant") moves, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss Count II of Plaintiff Paul Quatinetz' ("Plaintiff") First Amended Class Action Complaint (the "Complaint" or "FAC") [Document #21] for an alleged violation of New York General Business Law ("GBL") § 349 based on failure to state a claim upon which relief may be granted.

## PRELIMINARY STATEMENT

This is ostensibly only a debt collection case, nothing more. Truly, Plaintiff's alleged dispute with Eco Shield exists only because Plaintiff refused to pay an outstanding debt to Eco Shield that he willingly admits "was past-due" and "went into default because of non-payment." FAC ¶¶ 24, 29. To the extent Plaintiff alleges deception under GBL § 349, he fails to plead a proper claim because Plaintiff fails to plead the required causal link between the alleged improper act and either his entering the agreement or his alleged injury. Again, he pleads only that there was an alleged misrepresentation of services in August 2018 that caused him to cancel his contract, which led to the debt owed, yet Plaintiff has previously conceded in his pre-motion letter that this is not the basis for his GBL § 349 claim. Plaintiff's purported frustration at Eco Shield's collection attempt on the outstanding debt does not differentiate between collection on the debt admittedly owed and the allegedly improper collection fee, and fails to support a cognizable claim for relief. Accordingly, Plaintiff fails to plead a deceptive practice claim under New York law.

## STATEMENT OF FACTS

Eco Shield is an Arizona limited liability company engaged in the pest control business in New York (Eco Shield Pest Control New York City LLC). FAC ¶¶ 14–15. In July 2018, Plaintiff entered into a contract (the "Contract") with Eco Shield for pest control services for his home. FAC ¶ 16; Exh. A. The Contract provided an initial discount of $190, which Plaintiff agreed would be repaid if he cancelled Eco Shield's services. Exh. A. Plaintiff agreed, per the Contract, to pay recurring services charges of $160. Exh. A.

On September 10, 2018, Plaintiff emailed Eco Shield to cancel the Contract, stating:

> To Whom it May Concern:
> You are on notice that I am cancelling your services immediately.
> The people from the Long Island franchise who came to my house misrepresented the services and the price. I never signed a contract for 160 per month! They perform their so-called service on 3/4 acre in less than 5 minutes. The wasp nests are still infested. I did a better job myself with a can I bought at Home Depot.

Exh. B.

Almost an entire year later, after Plaintiff had refused to repay the $190 initial discount fee required by his Contract, FAC ¶¶ 22–24, he received a debt collection letter from Defendant Optio Solutions, LLC ("Optio"), noting a principal balance due of $205. Exh. C. The collection letter informed Plaintiff that he could dispute the debt. Exh. C.

Attempting to circumvent his contractual obligation to repay the initial discount fee of $190, Plaintiff brings the current suit, alleging Eco Shield perpetrated a deceptive act that caused Plaintiff to suffer frustration, stress, and irritation. FAC ¶ 59. Unfortunately for Plaintiff, he fails to plead the required elements of a N.Y. GBL § 349 claim, and accordingly his claim against Eco Shield must be dismissed.

## ARGUMENT

### I.   LEGAL STANDARD

Plaintiff has failed to state a plausible GBL § 349 claim against Eco Shield. Under Federal Rule of Civil Procedure 8, a pleading must contain "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a Rule 12(b)(6) motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. To survive a Rule 12(b)(6) challenge, the complaint must therefore contain more than mere "labels and conclusions," or a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

2

**II.   THE COURT SHOULD DISMISS COUNT II OF THE COMPLAINT FOR FAILURE TO STATE A CLAIM BECAUSE PLAINTIFF FAILS TO PLEAD THAT ECO SHIELD CAUSED A COGNIZABLE GBL § 349 INJURY.**

To state a private claim for violation of GBL § 349, a plaintiff must allege (1) the challenged actions by defendant are directed at consumers; (2) defendant has engaged in an act or practice that is deceptive or misleading in a material way; and (3) plaintiff has been injured by reason of such deceptive or misleading acts. *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 25–26, 623 N.Y.S.2d 529, 532–33 (1995). "Material" is defined as "[o]f such a nature that knowledge of the item would affect a person's decision-making; significant; essential." Black's Law Dictionary 1170 (11th ed. 2019); *see also Lebowitz v. Dow Jones & Co.*, 847 F. Supp. 2d 599, 605 (S.D.N.Y. 2012) (stating a material deception is one involving information that is important to consumers and likely to affect their choice of product). Indeed, GBL § 349 strictly requires that "the defendant's conduct deceive a reasonable consumer in a material respect, work a harm to the public at large, and directly cause the plaintiff's injury." *Leider v. Ralfe*, 387 F. Supp. 2d 283, 292 (S.D.N.Y. 2005).

First, Plaintiff fails to allege a proper GBL § 349 injury. No matter what the alleged facts are regarding a defendant's conduct, its acts and omissions are not actionable under GBL § 349 unless the conduct actually results in an injury to the plaintiff. *See generally Frank v. DaimlerChrysler Corp.*, 292 A.D.2d 118, 121, 741 N.Y.S.2d 9, 12–13 (1st Dept. 2002). As the New York Court of Appeals has held, the allegedly deceptive acts cannot serve double duty as the alleged injury; an independent factual allegation of harm to the plaintiff is necessary to state a viable claim for relief under GBL § 349. *See Bildstein v. MasterCard Int'l Inc.*, 329 F. Supp. 410, 415 (S.D.N.Y. 2004) (finding plaintiff's alleged injury—that he paid a deceptive credit card fee—inadequate to survive a motion to dismiss).

Plaintiff has not alleged that the supposed collection fee resulted in an injury. Plaintiff refused to pay his debt previously, has refused to pay his debt continuously, and has not alleged that he actually paid any purported collection fee. *Cf. Preira v. Bancorp Bank*, 885 F. Supp. 2d

3

672, 676–77 (S.D.N.Y. 2012) (recognizing that "a plaintiff must plead something more than the defendant's deception").

The case of *Preira v. Bancorp Bank* proves instructive. There, this Court noted that even if the plaintiff could plead that no merchant would ever allow her to cash in the small value left on her card in a split transaction, she failed to allege that she was unable to return her card to defendants and claim the unused balance on it. *Id.* at 677–79. *See also Tomasino v. Estee Lauder Cos.*, 44 F. Supp. 3d 251, 258–59 (E.D.N.Y. 2014) (dismissing GBL § 349 claim where, *inter alia*, plaintiff "stop[ped] short of alleging that she actually used either of the [defendant's cosmetic] products she purchased"). If plaintiff's damage was that "she thought she could use the gift card just like a Visa debit card but c[ould ]not, her injury [was] identical to the deception." *Preira*, 885 F. Supp. 2d at 679. Accordingly, there, the Court found plaintiff failed to allege a proper GBL § 349 injury. *Id.*; *see also Yee Ting Lau v. Pret A Manger Ltd.*, No. 17-cv-5775 (LAK), 2018 WL 4682014, at *4 (S.D.N.Y. Sept. 28, 2018) (requiring "something more than pure deception"). Similarly, here, Plaintiff fails to allege a GBL § 349 injury; the purported deception alone is insufficient.

Second, and to that same point, Plaintiff fails to allege the necessary causal link between Eco Shield's actions and any purported injury. *See Small v. Lorillard Tobacco Co.*, 94 N.Y.2d 43, 56, 698 N.Y.S.2d 615, 620–21 (1999) (in upholding dismissal of GBL § 349 claim, holding that "proof that a 'material deceptive act or practice *caused actual, though not necessarily pecuniary, harm*' is required to impose compensatory damages" (emphasis in original)). While courts have concluded that proof of reliance is not a required element, they have reiterated that "[c]ausation is an 'essential' element of any [N.Y. GBL § 349] claim." *Belfiore v. Procter & Gamble Co.*, 94 F. Supp. 3d 440, 446 (E.D.N.Y. 2015) (stating that, "[w]hile reliance need not be pled, [the] plaintiff must 'describe[] in detail the allegedly misleading and deceptive statements . . . upon which he relied in purchasing the product'") (quoting *Dash v. Seagate Tech. (U.S.) Holdings, Inc.*, 27 F. Supp. 3d 357, 361 (E.D.N.Y. 2014)).

4

As a prime example, in *Miller v. Wells Fargo Bank, N.A.*, the mortgagor failed to allege how the purported misrepresentations and omissions by the mortgage assignee, its affiliate, and hazard insurers about the pricing and costs of force-placed hazard insurance policies *caused* mortgagor's alleged injury (paying more than he should have paid for force-placed insurance) as required to state a claim.  994 F. Supp. 2d 542 (2014); *see also Oswego*, 85 N.Y.2d at 26, 623 N.Y.S.2d at 535 (stating that "while the statute does not require proof of justifiable reliance, a plaintiff seeking compensatory damages must show that the defendant engaged in a material deceptive act or practice that *caused* actual, although not necessarily pecuniary harm" (emphasis added)).

Plaintiff has not alleged any link between the collection fee and his actions/inactions. Indeed, he has not shown, as stated above, that the collection fee impacted him in any way.  To the extent he claimed frustration with Eco Shield's services, his frustration followed the original contract and the $160 monthly charge, which he concedes is not at issue.  And, to the extent he claims frustration with Eco Shield's collection attempt, that frustration is not alleged to have been caused by the collection fee in and of itself, rather the frustration was allegedly caused by the fact that Eco Shield was seeking to collect the outstanding (and admittedly owed) debt, period.  *See* FAC ¶¶ 59-60.

Third, and to further both the first and second points, Plaintiff fails to allege how Eco Shield's actions regarding a purported collection fee were *material* in any way.  Indeed, GBL § 349 claims generally "involve[] an individual consumer who falls victim to misrepresentations made by a seller of consumer goods usually by way of false or misleading advertising." *See Gottlieb Dev., LLC v. Paramount Pictures Corp.*, 590 F. Supp. 2d 625, 636 (S.D.N.Y. 2008).  Here, Plaintiff paid no fee, nor paid the underlying debt.  And he pleads no allegation that the alleged lack of collection fee in the Contract's terms impacted his decision to enter into the contract for services, nor could it, unless and until he failed to pay a debt he recognizes he was obligated to pay.  *See* FAC at ¶¶ 18, 22–30 (illustrating that this is at heart a debt collection claim); *Lebowitz*, 847 F. Supp. 2d at 605 (stating a material deception is one involving information that is important

5

to consumers and <u>likely to affect their choice of product</u>). *Contra Negrin v. Norwest Mtge.*, 263 A.D.2d 39, 48–51, 700 N.Y.S.2d 184, 193–96 (2d Dept. 1999) (where plaintiff was at defendant's mercy and had no choice but to pay, <u>and did in fact pay</u>, $23.50 in fax and recording fees—for services "not even performed"—in order to proceed with the closing and sale of her condominium).

Truly, here, Plaintiff's conclusory claim of injury is untethered from any of the necessary factual allegations. Stripping Plaintiff's claims down to his actual concern reveals either (a) a complaint to the initial service he complained of, which he apparently concedes is not at issue here, or (b) only a debt collection claim; there is not a proper GBL § 349 claim. Because Plaintiff has failed to plead the necessary elements to state a GBL § 349 claim, Count II of his Complaint must be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Eco Shield respectfully requests that Count II of Plaintiff's First Amended Class Action Complaint be dismissed with prejudice.

Dated:   Phoenix, Arizona
         December 20, 2019

                                                  GREENBERG TRAURIG, LLP

                                                  By: /s/ *Aaron T. Lloyd*
                                                      Aaron T. Lloyd (*pro hac vice*)
                                                      2375 East Camelback Road, Suite 700
                                                      Phoenix, AZ 85016
                                                      Telephone: (602) 445-8000
                                                      Email: lloyda@gtlaw.com
                                                      (602) 445-8000 (Telephone)
                                                      (602) 455-8100 (Facsimile)

                                                      Becky L. Caruso
                                                      500 Campus Drive, Suite 400
                                                      Florham Park, NJ 07932
                                                      (973) 443-3252 (Telephone)
                                                      (973) 301-8410 (Facsimile)

Email: carusob@gtlaw.com
*Attorneys for Defendant EcoShield Pest Control New York City, LLC*

7

*ACTIVE 47594045v6*