UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

PAUL QUATINETZ, individually and on                    Case No. 7:19-cv-08576-CS
behalf of a class

                        Plaintiffs,


ECO SHIELD PEST CONTROL NEW YORK
CITY LLC; and OPTIO SOLUTIONS LLC

                        Defendants.
-------------------------------------------------------X

**PLAINTIFF'S RESPONDING BRIEF**
**OPPOSING DEFENDANTS' MOTION FOR DISMISSAL**

Law Offices of Gus Michael Farinella, PC
110 Jericho Turnpike – Suite 100
Floral Park, NY 11001


   -    and -


The Law Offices of Shimshon Wexler, PC
216 West 104th St., #129
New York, New York 10025

*Attorney for Plaintiffs*

*On the brief:*
Ryan Gentile, Esq.
Shimshon Wexler, Esq.

TABLE OF CONTENTS………………………………………………………..………..……..i

TABLE OF AUTHORITIES…………………………………………………………...……iii

INTRODUCTION………………………………………………………………..………………1

FACTS……………………………………………………………………..……………………..2

LEGAL ARGUMENTS……………………………………………………………..…………4

    POINT I:    LEGAL STANDARD FOR A MOTION TO DISMISS PURSUANT
           TO RULE 12(b)(6)………………………………………………………..4

    POINT II:    PLAINTIFF'S FIRST AMENDED COMPLAINT STATES A
           CLAIM THAT DEFENDANTS' VIOLATED § 349 OF NEW
           YORK'S GENERAL BUSINESS LAW…………………………………6

           A. Introduction………………………………………………………6

           B. Section 349 of New York's General Business Law………………..6

           C. Plaintiff Has Sufficiently Alleged That Defendants' Challenged Acts
              And Practices Were Consumer Oriented……………………………..7

                1. Introduction………………………………………………7

                2. What Is "Consumer Oriented"?.................................................8

                3. The First Amended Complaint Pleads That Defendants'
                   Challenged Conduct Was "Consumer Oriented"…………….8

                4. Conclusion………………………………………………9

           D. Plaintiff Has Sufficiently Alleged Defendants Challenged Actions
              Are Dishonest And/Or Misleading In A Material Respect…………..10

                1. Introduction………………………………………………10

                2. What Are Materially Misleading Acts Or Practices?........10

                3. The First Amended Complaint Pleads The Deceptive
                   Acts Were Material………………………………………10

                4. Case Law Holds That Defendants' Actions Were
                   Deceptive In Violation of GBL Section 349…………….11

                5. Conclusion………………………………………………16

i

E.  Plaintiff Has Sufficiently Alleged An Injury Resulting From
Defendant's Deceptive and Misleading Conduct……………………16

1.  Introduction…………………………………………………..16

2.  Plaintiff Alleges Specific Non-Pecuniary Harms Resulting
From Defendants' Misleading And Deceptive Practices In
Their First Amended Complaint…………………………….17

3.  Case Law Establishes That The Allegations Of Harm Plead
By Plaintiff Satisfy The Injury Prong Of GBL § 349………..17

4.  Conclusion…………………………………………………...20

POINT III:    THE ARGUMENTS MADE BY ECO SHIELD IN THEIR MOTION
TO DISMISS ARE INCORRECT AND MISLEADING………………21

POINT IV:    THE COMPLAINT SUFFICIENTLY PLEADS THAT OPTIO
VIOLATED GBL § 349…………………………………………………24

CONCLUSION…………………………………………………………………25

## **TABLE OF AUTHORITIES**

### **CASES**

Adler v. Pataki,
    185 F.3d 35 (2d Cir. 1999)……………………………………………………………25

Allstate Insurance Co. v. Foschio,
    462 N.Y.S.2d 44 (2d Dep't 1983)…………………………………………………..7

Amusement Indus., Inc. v. Stern,
    693 F. Supp. 2d 301 (S.D.N.Y. 2010)…………………………………………..25

Ashcroft v. Iqbal,
    556 U.S. 662 (2009)…………………………………………………………4, 5

Bell Atl. Corp. v. Twombly,
    550 U.S. 544 (2007)…………………………………………………………4, 5

Cohen v. JP Morgan Chase & Co.,
    498 F.3d 111 (2d. Cir. 2007)………………………………………7, 11, 12, 13, 14

Cruz v. NYNEX Info. Res.,
    703 N.Y.S.2d 103 (1st Dep't 2000)…………………………………………………8

Exxonmobil Inter-Am., Inc. v. Advanced Info. Eng'g Servs., Inc.,
    328 F. Supp. 2d 443 (S.D.N.Y. 2004)……………………………………………8

Genesco Entertainment v Koch,
    593 F Supp 743 (S.D.N.Y. 1984)……………………………………………………7

Goldemberg v. Johnson & Johnson Consumer Co., Inc.,
    8 F.Supp.3d 467 (S.D.N.Y. 2014)…………………………………………………16

Guzman v. Mel S. Harris & Assocs., LLC,
    2018 WL 1665252 (S.D.N.Y. Mar. 22, 2018)………………………………17, 19

Henry v. Daytop Village, Inc.,
    42 F.3d 89 (2d Cir. 1994)…………………………………………………..25

In re Sling Media Slingbox Advert. Litig.,
    202 F. Supp. 3d 352 (S.D.N.Y. 2016)………………………………………...17

Kapsis v. Am. Home Mortg. Servicing Inc.,
    923 F. Supp. 2d 430 (E.D.N.Y. 2013)…………………………………………8, 9

Littlefield v Goldome Bank,
    142 A.D. 2d 978 (4th Dep't 1988)…………………………………………………14, 15

Maurizio v. Goldsmith,
    230 F.3d 518 (2d Cir. 2000)…………………………………………………………...7

Mendoza v. Rast Produce Co., Inc.,
    45 Cal. Rptr. 3d 525 (Ct. App. 2006)…………………………………………………25

Miller v. Wells Fargo Bank, N.A.
    994 F. Supp. 2d 542 (S.D.N.Y. 2014)……………………………………………...23

Negrin v. Norwest Mortgage, Inc.,
    263 A.D.2d 39 (2d Dep't 1999)……………………………………………..7, 13, 14

New York v. Feldman,
    210 F. Supp. 2d 294 (S.D.N.Y. 2002)………………………………………………8

Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank,
    85 N.Y.2d 20 (1995)……………………………………………………………7, 8

People v. Colorado State Christian College,
    346 N.Y.S.2d 482 (1973)……………………………………………………………7

Rozier v. Fin. Recovery Sys., Inc.,
    2011 WL 2295116 (E.D.N.Y. June 7, 2011)……………………………………18, 19, 20

Samms v. Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara and Wolf, LLP,
    163 F. Supp. 3d 109 (S.D.N.Y. 2016)……………………………………15, 16, 18, 19

Shovak v. Long Island Commercial Bank,
    858 N.Y.S.2d 660 (2d Dep't 2008)…………………………………………………10

Spagnola v. Chubb Corp.,
    574 F.3d 64 (2d Cir.2009)…………………………………………………………10

SQKFC, Inc. v. Bell Atl. TriCon Leasing Corp.,
    84 F.3d 629 (2d Cir. 1996)…………………………………………………………...8

Stutman v. Chem. Bank,
    95 N.Y.2d 24 (2000)…………………………………………………………………16

Tardibuono-Quigley v. HSBC Mortg. Corp. (USA),
    2017 WL 1216925 (S.D.N.Y. 2017)………………………………………………10

Teller v Bill Hayes, Ltd.,
     213 A.D. 2d 141 (2d. Dep't 1995)……………………………………………..7

Tsirelman v. Daines,
     794 F.3d 310 (2d Cir. 2015)……………………………………………………5

Washington v. Kellwood Co.,
     2009 WL 855652 (S.D.N.Y. Mar. 24, 2009)……………………………………25

White v. Fein, Such & Crane, LLP,
     2015 WL 6455142 (W.D.N.Y. Oct. 26, 2015)………………………………….…..9

Wood v. Capital One Servs., LLC,
     718 F. Supp. 2d 286 (N.D.N.Y. 2010)………………………………………...17, 18, 20

## **STATUTES**

15 U.S.C. § 1692………………………………………………………………………..1

New York General Business Law § 349……………………………………………passim

New York General Business Law § 349(h)……………………………………………7

Real Estate Settlement Procedures Act of 1974 ("RESPA"), 12 U.S.C. § 2607(b)……………..11

## **RULES**

Fed. R. Civ. P. 8(d)(2)……………………………………………………………….25

Fed. R. Civ. P. 12(b)(6)…………………………………………………..…1, 2, 4, 5, 19

Fed. R. Civ. P. 56…………………………………………………………………...19

## **OTHER**

1980 McKinney's Session Laws 1867 (Memorandum of Gov. Carey)…………………….……….6

1980 New York State Legislative Annual 146 (Memorandum of Assemblyman
Harvey L. Strelzin)………………………………………………………………………..6

## INTRODUCTION

Paul Quatinetz, ("Plaintiff" or "Mr. Quatinetz") brought this putative class action lawsuit to obtain redress for the deceptive acts and practices used by Eco Shield Pest Control New York City LLC ("Eco Shield"), and the deceptive acts and debt collection practices used by Optio Solutions LLC ("Optio") (collectively Eco Shield and Optio are "Defendants"). Plaintiff alleges in their First Amended Complaint [Doc. No. 21] ("FAC") that Eco Shield's deceptive practices violated Section 349 of New York's General Business Law ("GBL"). Plaintiff also alleges in their FAC that Optio's collection practices violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA") and Section 349 of New York's General Business Law. On December 20, 2019, Eco Shield filed a Motion to Dismiss Plaintiff's GBL claim pursuant to Fed. R. Civ. P. 12(b)(6) [Doc. No. 22] ("Motion to Dismiss") and Optio filed a Motion for Joinder to Eco Shield's Motion to Dismiss [Doc. No. 23], but did not move to dismiss the FDCPA claim.

The crux of this case involves Eco Shield's (or in the alternative Optio's) practice and policy of imposing illegal and unwarranted "collection fees" to the accounts of consumers in the state of New York and then seeking to collect said fees. As shown below, by imposing and seeking to collect illegal and unwarranted fees from consumers, Eco Shield (or in the alternative Optio) has violated Section 349 of New York's General Business Law. If the arguments made by Eco Shield in their Motion to Dismiss were to be accepted, companies would have *carte blanche* to charge New York consumers any illegal, unwarranted or simply made up fee they wished, whenever they wished, and those consumers who were injured by those illegal fees would have no ability to seek redress under GBL § 349, a statue specifically designed to remedy such deceptive acts.

**FACTS**

The following facts are taken from Plaintiff's First Amended Complaint. When reviewing Defendants' Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), these facts must be accepted as true and viewed in a light most favorable to Plaintiff.

Optio is a Delaware limited liability company engaged in business of collecting consumer debts. The principal purpose of Optio is the collection of debts using the mail and telephone and Optio regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Optio is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6). (FAC, ¶¶9, 10, 11, 13). Eco Shield is an Arizona limited liability company that is engaged in the business of pest control. Eco Shield regularly provides pest control services to consumers in the state of New York. (FAC, ¶¶14, 15)

Plaintiff contracted with Eco Shield for them to provide Plaintiff with pest control services for his home. The contract between Eco Shield and Plaintiff is attached as Exhibit A to the FAC. (FAC, ¶16). Plaintiff believed that Eco Shield misrepresented its services and costs, and as a result, he cancelled his services with Eco Shield. Exhibit B to the FAC is an email from Plaintiff to Eco Shield where Mr. Quatinetz tells Eco Shield how they failed to perform proper pest control services, and cancels his service with them. (FAC, ¶17) Following Plaintiff cancelling his service with Eco Shield, Eco Shield alleged that Plaintiff still owed them money arising out of the contract attached as Exhibit A to the FAC (the "Debt"). (FAC, ¶18)

On or about June 10, 2019, Optio mailed or caused to be mailed a collection letter to Plaintiff (the "Letter"). Exhibit C to the FAC is a copy of the Letter dated June 10, 2019 that Optio mailed to the Plaintiff. (FAC, ¶31). Optio mailed the Letter as a part of their efforts to collect the Debt and mailed the Letter at the direction and request of Eco Shield. (FAC, ¶32, 33).

Eco Shield participated in drafting the Letter and provided the information necessary for the Letter to be drafted. (FAC, ¶34). The Letter states that Plaintiff is indebted to Eco Shield in the amount of $205, but does not disclose or otherwise provide a breakdown of the fees and charges that constitute the alleged $205 balance. (FAC, ¶44, 45).

Plaintiff was never indebted to Eco Shield in the amount of $205. (FAC, ¶46). As per the terms of the contract attached as Exhibit A to the FAC, Plaintiff would have been indebted to Eco Shield, as most, in the amount of $190.[1] (FAC, ¶47). The reason the Letter stated that Plaintiff owed Eco Shield $205 instead of just the $190 "initial discount fee" was because Eco Shield added a "collection fee" of $15 to the $190 amount they alleged Plaintiff owed them. (FAC, ¶48). In the alternative, Optio added the $15 "collection fee" to the $190 balance allegedly owed to Eco Shield. (FAC, ¶49). In the alternative, Eco Shield added the $15 collection fee and Optio knew that the $15 "collection fee", which was not allowed by the contract between Plaintiff and ECO Shield, was added to the $190 balance. (FAC, ¶50).

The "collection fee" of $15 added to Plaintiff's alleged Debt of $190 was not justly due and legally chargeable against the Plaintiff under the terms of the contract between Plaintiff and Eco Shield attached as Exhibit A to the FAC or by any statute. (FAC, ¶53). Eco Shield knowingly sought to collect a "collection fee" that was not justly due and legally chargeable against the Plaintiff. (FAC, ¶54) Eco Shield knowingly asserted a right to a "collection fee" that was not justly due and legally chargeable against the Plaintiff. (FAC, ¶55). It is Eco Shield's policy and regular practice to add and attempt to collect a "collection fee" of $15 to any amount they claim they are owed on a defaulted account, even though their standardized contract does

---

[1] As shown in Exhibit B to the FAC, Plaintiff does not believe he owes Eco Shield any monies given that they did not do what they were hired to and misrepresented their services.

not allow or give them any right to add or collect such a fee. (FAC, ¶56). Opio knowingly

attempted to collect and asserted a right to collect the $15 "collection fee" that was not justly due

and legally chargeable against the Plaintiff in their Letter. (FAC, ¶57)

      The "collection fee" of $15 was not disclosed or separately identified in any way by

Defendants. The Letter simply stated that Plaintiff owed Eco Shield $205. Plaintiff, as well as

any consumer who received a similar letter from Optio, would have no idea that the balance of

the debt listed in the collection letter included a $15 "collection fee" because the $15 "collection

fee" was never identified or otherwise disclosed to Plaintiff and other similarly situated

consumers. (FAC, ¶58). Plaintiff suffered frustration, stress and irritation as a result of the

Defendants' conduct described in the FAC. (FAC, ¶59) Plaintiff also suffered a loss of time

dealing with the deceptive, false and unfair collection attempts by Defendants described in the

FAC. (FAC, ¶60). Eco Shield and/or Optio's deceptive conduct in asserting a right to an illegal

and unwarranted collection fee and attempting to collect said fee from Plaintiff caused him to

suffer the damages detailed in Paragraphs 59 & 60 of the FAC. (FAC, ¶¶76 & 87).

## LEGAL ARGUMENTS

## POINT I

## LEGAL STANDARD FOR A MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

      "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556

U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." Id. "While a

complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual

allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (alteration, citations and internal quotation marks omitted). While Federal Rule of Civil Procedure 8 "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Iqbal, 556 U.S. at 678-79.

In considering whether a complaint states a claim upon which relief can be granted, the court "begin[s] by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," and then determines whether the remaining well-pleaded factual allegations, accepted as true, "plausibly give rise to an entitlement to relief." Id. at 679. Deciding whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'" Id. (alteration omitted) (quoting Fed. R. Civ. P. 8(a)(2)).

When considering a motion to dismiss pursuant to Rule 12(b)(6), a court is required to accept as true the facts alleged in the complaint, consider those facts in the light most favorable to the plaintiff, and determine whether the complaint sets forth a plausible basis for relief. *See* Tsirelman v. Daines,794 F.3d 310, 312 (2d Cir. 2015). As shown in detail *infra*, when accepting as true the allegations in Plaintiff's FAC and viewing them in a light most favorable to him, Plaintiff has clearly plead a viable claim against Defendants for violations of GBL § 349.

<u>**POINT II**</u>

<u>**PLAINTIFF'S FIRST AMENDED COMPLAINT STATES A CLAIM THAT**</u>
<u>**DEFENDANTS' VIOLATED § 349 OF NEW YORK'S GENERAL BUSINESS LAW**</u>

**A.  Introduction.**

The argument made by Eco Shield throughout their Motion to Dismiss, namely that this case "is ostensibly only a debt collection case, nothing more" [Doc. No. 22, pg. 1], completely misrepresents the nature of this case. This case is about a corporation that has for years been unilaterally imposing illegal and unwarranted "collection fees" upon its customers and then hiding these fees from those same customers. Eco Shield's regular practice is to add a $15 "collection fee" to any account they allege has defaulted and been sent to a collection agency. This $15 fee is added by Eco Shield despite the undisputed fact that their standard contract does not allow them to impose any such a fee, let alone a $15 one, and no legal statute allows Eco Shield to impose any such a "collection fee" to consumers' accounts

As demonstrated below, the Second Circuit Court of Appeals as well as courts in this District, Circuit, and state Courts throughout New York have all had opportunities to review GBL § 349 claims similar to the one Plaintiff makes in this matter. These Courts have held that a corporation's act of imposing illegal and unwarranted fees to consumers' accounts and then trying to collect said illegitimate fees is a clear and unambiguous violation of GBL § 349.

**B.  Section 349 of New York's General Business Law.**

Section 349 of the New York General Business Law is a powerful remedy for consumer fraud. Its broad language was intended to provide a "strong deterrent against deceptive business practices" (1980 McKinney's Session Laws 1867 (Memorandum of Gov. Carey) and to "increase the effectiveness of the consumer protection laws." (1980 New York State Legislative Annual 146 (Memorandum of Assemblyman Harvey L. Strelzin). In keeping with these deterrent

purposes, section 349 has been construed to allow recovery even in the absence of a showing of intent to deceive. Allegations of fraud are not required. *See* Allstate Insurance Co. v. Foschio, 462 N.Y.S.2d 44, 47 (2d Dep't 1983); People v. Colorado State Christian College, 346 N.Y.S.2d 482, 489 (1973). Indeed, the instant controversy over the sum of $15.00 is exactly the kind of small-money dispute to which General Business Law § 349 was meant to apply. Negrin v. Norwest Mortgage, Inc., 263 A.D.2d 39, 50 (2d Dep't 1999) (*citing*, Teller v Bill Hayes, Ltd., 213 A.D. 2d 141, 148 (2d. Dep't 1995) and Genesco Entertainment v Koch, 593 F Supp 743 (S.D.N.Y. 1984))

Section 349(a) of the New York General Business Law states: "Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful." A § 349 claim has three elements: (1) the defendant's challenged acts or practices must have been directed at consumers, (2) the acts or practices must have been misleading in a material way, and (3) the plaintiff must have sustained injury as a result. Cohen v. JP Morgan Chase & Co., 498 F.3d 111, 126 (2d. Cir. 2007) (citing, Maurizio v. Goldsmith, 230 F.3d 518, 521 (2d Cir.2000) (citing Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, 85 N.Y.2d 20 (1995)). A successful plaintiff can recover both treble damages and attorney's fees. *See* GBL § 349(h).

C. **Plaintiff Has Sufficiently Alleged That Defendants' Challenged Acts And Practices Were Consumer Oriented.**

1. **Introduction**

Nowhere in Eco Shield's Motion to Dismiss do they argue that Plaintiff did not meet the first prong of their GBL § 349 claim. Eco Shield's Motion to Dismiss never argues that Plaintiff did not sufficiently allege that Eco Shield's challenged actions were consumer oriented or directed at consumers. As shown below, Plaintiff's FAC sufficiently alleges that Eco Shield's

challenged acts and practices were consumer oriented in that they were part of a standard policy and practice that was directed at all New York consumers and affected them in the same manner.

### 2.   What Is "Consumer Oriented"?

"[C]onsumer-oriented" does not mean that "the defendant committed the complained-of acts repeatedly – either to the same plaintiff or to other consumers – but instead…that the acts or practices have a broader impact on consumers at large." Oswego, 85 N.Y. 2d at 25. "Consumer-oriented" has been defined in this circuit as 'conduct that potentially affects similarly situated consumers.'" Kapsis v. Am. Home Mortg. Servicing Inc., 923 F. Supp. 2d 430, 449 (E.D.N.Y. 2013) (quoting SQKFC, Inc. v. Bell Atl. TriCon Leasing Corp., 84 F.3d 629, 636 (2d Cir. 1996)). "Based on this standard, courts have found sufficient allegations of injury to the public interest where plaintiffs plead repeated acts of deception directed at a broad group of individuals." New York v. Feldman, 210 F. Supp. 2d 294, 301 (S.D.N.Y. 2002)(collecting cases). Courts have also repeatedly held that a § 349 consumer "is one who purchase[s] goods and services for personal, family or household use." Exxonmobil Inter-Am., Inc. v. Advanced Info. Eng'g Servs., Inc.,328 F. Supp. 2d 443, 448 (S.D.N.Y. 2004)(alteration in original) (internal quotation marks omitted); see also Cruz v. NYNEX Info. Res., 703 N.Y.S.2d 103, 106 (1st Dep't 2000) ("In New York law, the term 'consumer' is consistently associated with an individual or natural person who purchases goods, services or property primarily for 'personal, family or household purposes.').

### 3.   The First Amended Complaint Pleads That Defendants' Challenged Conduct Was "Consumer Oriented".

As for the first element on Plaintiff's GBL § 349 claim, the FAC pleads that Eco Shield engaged in consumer-oriented conduct that affected the Plaintiff and other similarly situated consumers in the same manner (FAC, ¶ 71). The FAC specifically alleges that the challenged

8

acts of Eco Shield had a broader impact on consumers at large because it is their regular practice

and policy to add a $15 "collection fee" to any consumer's allegedly defaulted or past due

account, even though their standard form contract provides no basis for adding any such

"collection fee." (FAC, ¶ 56 & 72). Therefore, the FAC sufficiently pleads that Eco Shield's

deceptive practices were "consumer oriented" because their standard policy and practice of

adding a $15 "collection fee" to consumers accounts was directed at all New York consumers

and affected them in the same manner. *See* White v. Fein, Such & Crane, LLP, 2015 WL

6455142, at *6 (W.D.N.Y. Oct. 26, 2015) (denying motion to dismiss § 349 claim because even

though defendant entered into private settlement agreements with plaintiffs, **defendants were**

**alleged to subject plaintiffs to same policies and practices across class**) (Emphasis

Added); Kapsis, 923 F. Supp. 2d at 450 (denying motion to dismiss § 349 claim because plaintiff

had alleged defendant engaged in deceptive practices directed at large class of similarly situated

debtors.) Exactly like the White and Kapsis cases, Plaintiff's FAC alleges that Eco Shield

subjected Plaintiff and all proposed class members to the same deceptive policies and practices.

As for the second element, the FAC specifically alleges that the alleged Debt arose out of

a transaction in which the money, property, insurance or services which are the subject of the

transaction are mainly for personal, family or household purposes, namely fees emanating from a

personal services agreement between Plaintiff and Eco Shield to provide pest control services for

the Plaintiff's residence. (FAC, ¶ 19). Therefore, Plaintiff has sufficiently alleged that he is a

"consumer" and met the second element of the "consumer oriented" prong of GBL § 349.

### 4.  Conclusion.

For the reasons stated above, the FAC sufficiently alleges that the challenged acts and

practices were consumer oriented and satisfies the first prong of GBL § 349.

**D. Plaintiff Has Sufficiently Alleged Defendants' Challenged Actions Are Dishonest And/Or Misleading In A Material Respect.**

    **1. Introduction.**

    The second element of a GBL § 349 claim requires a plaintiff to allege representations or omissions that are "likely to mislead a reasonable consumer acting reasonably under the circumstances." <u>Spagnola v. Chubb Corp.</u>, 574 F.3d 64 (2d Cir.2009). As shown below, the deceptive and dishonest practice of adding an illegal and unwarranted fee to a consumer's account and then hiding the fee is likely to mislead any consumer, let alone a reasonable consumer acting reasonably under the circumstances.

    **2. What Are Materially Misleading Acts Or Practices?**

    "Deceptive practices are acts which are dishonest or misleading in a material respect" and "are defined objectively as acts likely to mislead a reasonable consumer acting reasonably under the circumstances." <u>Spagnola</u>, 574 F.3d at 74 (alteration and internal quotation marks omitted). "[A] GBL § 349 claim does not lie when the alleged deceptive practice…was a matter explicitly disclosed in and permitted under…[a] written agreement." <u>Tardibuono-Quigley v. HSBC Mortg. Corp. (USA)</u>, 2017 WL 1216925, at *15 (S.D.N.Y. 2017)(alterations in original) (internal quotation marks omitted); <u>Shovak v. Long Island Commercial Bank</u>, 858 N.Y.S.2d 660, 662-63 (2d Dep't 2008) (dismissing § 349 claim because charges, which were not *per se* illegal, were fully disclosed to plaintiff). In this matter, unlike the <u>Hines</u> and <u>Shovak</u> matter cited above, the $15 "collection fee" at issue was not permitted under Eco Shield's contract (see Exhibit A to FAC), was not legal, and was not disclosed to Plaintiff or other similarly situated consumers.

    **3. The First Amended Complaint Pleads The Deceptive Acts Were Material.**

    Throughout their FAC, Plaintiff pleads that the $15 "collection fee" added to the balance of their alleged Debt was illegal and unwarranted because it was not allowable under the contract

between Plaintiff and Eco Shield, nor under any statute. The FAC further alleges that this illegal and unwarranted fee was then hidden from Mr. Quatinetz in Optio's Letter which merely stated that he owed $205 with no itemization of the amounts consisting of the alleged $205 balance. (FAC, ¶¶45, 74, and 85). Any consumer who receives a bill or collection letter stating that they owe $205, with no itemization of that $205 amount, would necessarily think that they owe $205. That consumer would never know they actually only owe $190 and were being charged an additional $15 for an unwarranted and illegal "collection fee" because said fee was never disclosed to them. An illegal and/or unwarranted fee that is charged to a consumer and then hidden from them is the quintessential example of a materially dishonest and misleading act.

### 4. Case Law Holds That Defendants' Actions Were Deceptive In Violation of GBL Section 349.

Relevant case law interpreting GBL § 349 has held that allegations that a corporation unilaterally imposed and then sought to collect illegal or unwarranted fees, the same allegations that Plaintiff makes against Defendants, states a valid claim under GBL § 349.

In Cohen v. JP Morgan Chase & Co., 498 F.3d 111 (2d. Cir. 2007), the Second Circuit Court of Appeals had the opportunity to review GBL § 349. In Cohen, the plaintiff alleged that Chase violated GBL §349 because they tried to collect fees in violation of other federal laws, namely Section 8(b) of the Real Estate Settlement Procedures Act of 1974 ("RESPA"), 12 U.S.C. § 2607(b). The Second Circuit in Cohen vacated the District Court's dismissal of Cohen's GBL § 349 claim holding that, "if she [Cohen] could show that the challenged fee violated RESPA, that fact might allow her to establish a deceptive business practice under New York Law [GBL § 349]." Id. at 113.

In Cohen, there was an open question as to whether the challenged $225 post-closing fee violated RESPA, and furthermore, the $225 fee was fully disclosed to the plaintiff. Despite the

fact that the challenged $225 fee may have been legal and was fully disclosed to the plaintiff, the Second Circuit in reinstating the GBL § 349 claim held, "we cannot conclude simply from the fact of disclosure that, as a matter of law, the charge cannot constitute a deceptive practice in violation of § 349." Id. at 127. The Second Circuit's decision in Cohen makes clear that even if a challenged fee is fully disclosed to a consumer, imposing such a fee can still be a deceptive act in violation of GBL § 349 if said fee is not legally allowed to be charged to that consumer.

Unlike in Cohen, there is no question that the challenged $15 "collection fee" is not legal. As detailed and alleged in the FAC, the $15 "collection fee" is illegal and unwarranted because the contract between Eco Shield and Plaintiff does not allow or permit Eco Shield to impose any "collection fee", nor does any legal statute allow for the imposing of such a fee. Eco Shield had no basis or right to unilaterally add a "collection fee" to Plaintiff's account and they knew this. Furthermore, unlike in Cohen, the $15 "collection fee" was not disclosed to Plaintiff, but rather was hidden from him. As detailed in the FAC, the "collection fee" of $15 was not disclosed or identified in any way in the Letter. The Letter (see Exhibit C to FAC) Plaintiff received simply stated he owed $205 to Eco Shield. Plaintiff, as well as any consumer who received a similar letter, would have no idea that the $205 balance included a hidden and illegal $15 "collection fee".

Eco Shield's conduct in this matter is far worse than the conduct of JP Morgan Chase in the Cohen. In Cohen, the Second Circuit allowed a GBL § 349 claim to proceed on the mere basis that the challenged fee – **which was fully disclosed** – _might_ have been illegal. In this matter, the challenged $15 "collection fee" was definitely illegal, and furthermore was never disclosed to the Plaintiff. Therefore, under standard set forth by the Second Circuit in Cohen,

Plaintiff's FAC clearly states a claim that Eco Shield's conduct was materially deceptive and violated GBL § 349.

Equally important to this matter is a case that the Second Circuit in <u>Cohen</u> cited to in their reasoning, the case of <u>Negrin v. Norwest Mortgage, Inc</u>., 263 A.D.2d 39 (2d Dep't 1999). (*See* <u>Cohen</u>, 498 F.3d at 126). The <u>Negrin</u> case involved a claim under GBL § 349 that centered on the allegation that Norwest Mortgage imposed unwarranted fees upon their customers. <u>This is exactly the same claim the Plaintiff makes in this matter</u>. In <u>Negrin</u>, the plaintiff argued that Norwest Mortgage violated GBL § 349 by imposing a "recording fee" of $13.50 and a "Fax Fee" of $10 to their total payoff prior to a real estate closing.

The Appellate Division reversed the Supreme Court's decision dismissing the case and held that the plaintiff's allegations stated a viable claim under GBL § 349. Specifically, the Negrin Court held, "**<u>Allegations of a bank's unilateral imposition of illegal and/or unwarranted fees upon its customers states a valid claim of consumer fraud</u>**." <u>Id</u>. at 50 **(Emphasis Added)**. This is exactly what Plaintiff's FAC alleges that Eco Shield, Optio or both did in this matter, *i.e*., unilaterally imposing illegal and unwarranted "collection fees" upon their customers. As such, just like the Appellate Division held in <u>Negrin</u> – which was cited by the Second Circuit in <u>Cohen</u> – Plaintiff's allegation that Defendants' unilaterally imposed and sought to collect illegal and unwarranted fee from him states a valid claim under GBL § 349.

Equally as important to this matter are the arguments that the <u>Negrin</u> Court rejected. In <u>Negrin</u>, the defendant argued that the plaintiff received a payoff statement revealing the fax fee and recording charges five weeks prior to the closing, and thus this case falls within the rule that consumer fraud claims may not be predicated upon fully disclosed facts. The <u>Negrin</u> Court rejected this argument and held that even though the fees were disclosed, the "unilateral

imposition of a $10 fax fee, and a $13.50 recording fee, for a service not even performed by the mortgagee, constitute examples, prima facie, of consumer fraud." Id. at 51.

In this matter, the deceptive conduct complained of is even more egregious than that of the defendant in Negrin. The defendant in Negrin **fully disclosed** the $10 fax fee and the $13.50 recording fee in their payoff statement, and the plaintiff was fully aware that their total payoff amount included those fees. In this matter, the Defendants did not disclose that the $205 balance included a $15 "collection fee", but rather hid this illegal and unwarranted fee in the total balance. Even if Defendants had disclosed the "collection fee" to Plaintiff, they still would have violated GBL § 349 because the Cohen and Negrin decisions make clear that if a fee charged is illegal or unwarranted it doesn't matter if it is disclosed, that act of imposing the fee in the first place is deceptive in violation of GBL § 349. Therefore, it is respectfully submitted that just like in Negrin, which was relied on by the Second Circuit in Cohen, Plaintiff's allegations that Eco Shield unilaterally imposed illegal and unwarranted fees to consumers accounts states a viable claim that they acted deceptively in violation of GBL § 349.

In their reasoning in Negrin, the Appellate Division cited to another case that is relevant to this instant matter, the case of Littlefield v Goldome Bank, 142 A.D. 2d 978 (4th Dep't 1988) wherein a GBL § 349 claim based on the imposition of unwarranted fees was upheld. (See Negrin, 263 A.D.2d at 49-50). In Littlefield, the plaintiff opened savings accounts for his two minor children in 1981. In 1984 the bank began charging a quarterly fee of $3 for accounts with balances below $250. The plaintiff alleged that this fee was unilaterally imposed without notice on existing accounts. The plaintiff commenced a class action alleging that the bank engaged in deceptive practices by unilaterally imposing improper fees. The Supreme Court dismissed the GBL § 349 claim but the Appellate Division, Fourth Department, reinstated it, holding that the

allegation that a company imposed improper fees stated a claim under GBL § 349. Id. at 979.

Plaintiff's claim in this matter is materially identical to Littlefield because it also seeks to

vindicate the rights of a class of consumers subjected to unwarranted fees. As such, just like the

Court held in Littlefield, Plaintiff's claims are also sufficient to state a claim under GBL § 349.

Finally, an analogous case upholding a claim for violations of GBL § 349 occurred in this

District in Samms v. Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara and Wolf,

LLP, 163 F. Supp. 3d 109 (S.D.N.Y. 2016). In Samms, the plaintiff sued a law firm who in the

"wherefore" clause of the complaint filed against him made a request for legal fees. The

underlying contract sued on in Samms did not allow for legal fees, nor did any legal statute. The

plaintiff in Samms claimed that the baseless request for attorneys' fees was a deceptive business

practice in violation of GBL § 349. Similarly, in this matter, Plaintiff alleges that baseless

request for $15 in "collection fees" was a deceptive business practice in violation of GBL § 349.

Judge Rakoff of this District found the act of requesting attorneys' fees in complaints

when there was no legal basis to make a claim for such fees was materially misleading in

violation of GBL § 349. Specially, Judge Rakoff held, "a reasonable consumer reading Abrams's

request for attorneys' fees would likely be misled into believing that there was some basis for the

request…Accordingly, there is no material factual dispute that Abrams's acts were materially

misleading." Id. at 116.

The Samms case is very similar to this matter. Both cases involve a company seeking

fees from a consumer for which they had no legal basis pursuant to the underlying contract to

seek. Exactly like in Samms, a consumer reading the Defendants' request for $205 "would likely

be misled into believing that there was some basis for the request of $205" (quoting, Samms 163

F. Supp. 3d at 116). Plaintiff and the proposed class members had no idea when reading the

collection letter that $15 of the $205 balance consisted of a "collection fee" that there was no

legal basis for. What makes the actions in this matter even more deceptive than the actions in

Samms is that while the defendant in Samms stated and disclosed that they were seeking legal

fees, in this matter, it was never stated or disclosed that an additional $15 "collection fee" was

being sought.  As such, just like the Court held in Samms, Plaintiff's claims that Defendants

sought to collect fees that were not permitted by the underlying contract is a materially deceptive

act sufficient to state a claim under GBL § 349.

### 5.  Conclusion

When viewing the allegations in Plaintiff's FAC and viewing them in a light most

favorable to him, it is respectfully submitted that Plaintiff has plead allegations that Defendants'

actions were materially misleading in violation of GBL § 349. The plethora of case law cited

above clearly establishes that Defendants' act of unilaterally imposing illegal and unwarranted

fees upon consumers is a materially deceptive action that violates GBL § 349. The fact that

Defendants then hid their illegal and unwarranted fee exacerbates the deception.

### E.  Plaintiff Has Sufficiently Alleged An Injury Resulting From Defendant's Deceptive and Misleading Conduct.

### 1.  Introduction.

As noted above, a GBL § 349 claim requires a plaintiff to plead not only that a

defendant's complained of conduct is consumer-oriented and materially deceptive or misleading,

but also that the plaintiff "ha[s] been injured as a result." Goldemberg, 8 F. Supp. 3d at 478. "[A]

plaintiff must prove 'actual' injury to recover under the statute, though not necessarily pecuniary

harm." Stutman v. Chem. Bank, 95 N.Y.2d 24, 29 (2000). Moreover, "[t]he plaintiff…must show

that the defendant's material deceptive [or misleading] act caused the injury." Id. at 29. As

demonstrated infra, when accepting the allegations in the FAC as true and viewing them in a

light most favorable to Plaintiff, Mr. Quatinetz has clearly established that he suffered injuries caused by Defendants' deceptive conduct, and thus has satisfied the third and final prong of his GBL § 349 claim.

2. **Plaintiff Alleges Specific Non-Pecuniary Harms Resulting From Defendants' Misleading And Deceptive Practices In Their First Amended Complaint.**

The FAC alleges that Plaintiff suffered damages caused by the Defendants' deceptive conduct of unilaterally imposing illegal and unwarranted fees to this account and then seeking to collect said fees. Specifically, the FAC alleges Plaintiff suffered frustration, stress and irritation as a result of the Defendants' conduct (FAC ¶ 59) and furthermore that he also suffered a loss of time dealing with the deceptive, false and unfair collection attempts by Defendants (FAC ¶ 60). Finally, at Paragraph 76 (and Paragraph 87 for Optio) of the FAC, Plaintiff specifically alleges that Eco Shield's deceptive conduct regarding the $15 collection fee "caused him to suffer emotional distress and other damages" described in Paragraphs 59 & 60 of the FAC. (FAC ¶ 76).

3. **Case Law Establishes That The Allegations Of Harm Plead By Plaintiff Satisfy The Injury Prong Of GBL § 349.**

Courts in this District when reviewing GBL § 349 claims have "recognize[d] several types of harm which might be cognizable as a legal injury, such as physical, emotional, pecuniary or reputational harm, or the impairment of a recognized legal right." In re Sling Media Slingbox Advert. Litig., 202 F. Supp. 3d 352, 360 (S.D.N.Y. 2016); Guzman v. Mel S. Harris & Assocs., LLC, 2018 WL 1665252, at *12 (S.D.N.Y. Mar. 22, 2018) **("Emotional harm… satisf[ies] the injury requirement for a claim under…GBL § 349**." (emphasis added)

In addition to Courts within this District, other District Courts in New York have repeatedly held that fear and other emotional strain stemming from consumer fraud is sufficient to establish injury under GBL § 349. See, e.g., Wood v. Capital One Servs., LLC, 718 F. Supp.

2d 286, 292 (N.D.N.Y. 2010) ("Plaintiff claims that, by virtue of the misleading Letter, he

suffered humiliation, anger, anxiety, emotion[al] distress, fear, frustration, and embarrassment…

By alleging specific non-pecuniary harms resulting from the purportedly misleading practice of

transmitting the Letter, Plaintiff has gone beyond making the conclusory allegation that Movants

caused actual damages and injury." (internal quotation marks and citations omitted); <u>Rozier v.

Fin. Recovery Sys., Inc</u>., 2011 WL 2295116, at *5 (E.D.N.Y. June 7, 2011) ("Plaintiff alleges

that he has suffered and continue[s] to suffer actual damages…including damages associated

with…humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment....

These alleged damages…are sufficient to state a cause of action.").

Several cases illustrate that Plaintiff's FAC sufficiently pleads the requisite injury to state

a claim under GBL § 349. In the <u>Samms</u> case discussed *supra*, the defendant moved for

summary judgment on the basis that the plaintiff did not establish he'd suffered an injury

sufficient to state a claim under GBL § 349. As discussed above, the GBL §349 claim in <u>Samms</u>

is materially identical to this matter, namely that fees not allowed to be charged by an underlying

contract were sought against a consumer. Judge Rakoff denied the defendant's summary

judgment motion and found that Samms allegations raised triable issues of fact as to whether the

defendant's request for attorneys' fees caused him emotional injuries. Specifically, Judge Rakoff

held, "Samms testified [at his deposition] that the collection lawsuit and its claims that Samms

owed money 'caused [Samms] a lot of problems, a lot of anguish'…On the record before it, the

Court cannot conclude that none of these problems was due to Abrams's request for fees."

<u>Samms</u>, 163 F. Supp.3d at 117.

Exactly like in <u>Samms</u>, the Plaintiff in this matter has similarly alleged that Eco Shield's

deceptive act of imposing and then seeking to collect an illegal $15 "collection fee" caused him

to suffer frustration, stress and irritation (FAC ¶ 59) and a loss of time dealing with the deceptive, false and unfair collection attempts (FAC ¶ 60). Like the "a lot of problems, a lot of anguish" Judge Rakoff found sufficient to raise a trial issue of fact as to damages in <u>Samms</u>, Plaintiff's allegations of "frustration, stress and irritation" as well as "loss of time" both on their own establish under a Rule 12(b)(6) standard that Plaintiff suffered injuries sufficient to satisfy the third element of GBL § 349.

In <u>Guzman</u>, the plaintiff alleged that he suffered emotional injuries including stress and frustration because of an allegedly bogus collection lawsuit filed against him. In denying the defendants' motion for summary judgment, Judge Daniels of this District found the plaintiff's allegations that he was "stressed" and "frustrated" by the defendants' deceptive conduct sufficient to raise a triable issue of fact regarding damages under GBL § 349. <u>Id</u>. at *12. Like in <u>Guzman</u>, Plaintiff's allegations that Eco Shield's deceptive conduct caused him "frustration, irritation and stress" (FAC ¶ 59) are likewise sufficient to satisfy the injury prong of his GBL § 349 claim, especially under a Rule 12(b)(6) as opposed to Rule 56 standard.

In <u>Rozier</u>, the plaintiff alleged that they received a collection letter that was deceptive in that it did not make clear how much money was allegedly owed on the debt. The plaintiff brought a GBL § 349 claim and as for damages alleged they, "suffered and continue[s] to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendant." <u>Rozier</u>, 2011 WL 2295116, at *5.  The <u>Rozier</u> Court held, "these alleged damages, the sufficiency of which is undisputed by Defendant in its motion to dismiss, are sufficient to state a cause of action." <u>Id</u>.

Exactly like in <u>Rozier</u>, Plaintiff's FAC also alleges frustration, stress and irritation (FAC ¶ 59) caused by Eco Shield's deceptive conduct involving the $15 "collection fee". Like in <u>Rozier</u>, these alleged damages are not disputed in Eco Shield's Motion to Dismiss, nor could they as the allegations must be accepted as true, and are likewise sufficient to establish that Plaintiff has plead injuries which meet the injury prong of GBL § 349.

In <u>Wood</u>, the plaintiff alleged that by virtue of receiving a misleading letter from Capital One Services he suffered "humiliation, anger, anxiety, emotion distress, fear, frustration and embarrassment…" <u>Id</u>. at 292. Capital One Services moved to dismiss the case alleging, in part, that the plaintiff had not alleged an injury sufficient to meet the third prong of a GBL § 349 claim. The Court denied Capital One Services motion to dismiss holding, "By alleging specific non-pecuniary harms resulting from the purportedly misleading practice of transmitting the Letter, Plaintiff has gone beyond making the conclusory allegation that Movants 'caused actual damages and injury…'As a result, Plaintiff sufficiently states a NYGBL § 349 claim against Capital One Services." <u>Id</u>. at 292.

Exactly like the plaintiff in <u>Wood</u>, Mr. Quatinetz's FAC also alleges that he suffered specific non-pecuniary harms in the form of stress, frustration, and irritation resulting from Eco Shield's deceptive practices involving the "collection fee". Therefore, like the plaintiff in <u>Wood</u>, Mr. Quatinetz's allegations of specific non-pecuniary harms resulting from Defendants misleading and deceptive acts go beyond making mere conclusory allegations of damages and satisfy the injury prong of his GBL § 349 claim.

### 4. Conclusion.

The case law cited to above makes clear that emotional harm satisfies the injury

requirement for a claim under GBL § 349. Like in all the cases cited to above, Plaintiff's FAC

pleads specific, non-pecuniary, emotional injuries that were caused directly as a result of Eco

Shield's deceptive practices involving the "collection fee". Based on the applicable case law,

Plaintiff's allegations of specific non-pecuniary harm resulting from Eco Shield's deceptive acts

and practices are more than sufficient to satisfy the injury prong of GBL § 349.


## POINT III

## THE ARGUMENTS MADE BY ECO SHIELD IN THEIR MOTION TO DISMISS ARE INCORRECT AND MISLEADING

Eco Shield focuses much of their Motion to Dismiss on the injury element of GBL § 349.

Specially, Eco Shield argues "Plaintiff's purposed frustration at Eco Shield's collection attempt

on the outstanding debt does not differentiate between the collection of the debt admittedly owed

and the allegedly improper collection fee…" [Doc. No. 22, pg. 1]. Eco Shield also argues that,

"Plaintiff has not alleged the supposed collection fee resulted in an injury." [Doc. No. 22, pg. 3].

As an initial matter, Plaintiff never admitted to owing any debt to Eco Shield. Eco Shield

cherry picks two paragraphs of the FAC (24 & 29) that contain allegations needed in order to

plead a claim under the FDCPA against Optio to argue that Mr. Quatinetz admitted to owing

$190 to Eco Shield. This argument is misleading because it ignores all the other times the FAC

referred to the Debt as "alleged" to be owed (*See* FAC ¶¶ 22, 23, 45, 48, 49, 53 & 58). Eco

Shield's argument also ignores the email attached as Exhibit B to the FAC where Plaintiff

complains about the service performed by Eco Shield and cancels his contract with them. The

FAC makes clear that Plaintiff does not believe that he owes any debt to Eco Shield and that the

debt is simply "alleged" to be owed. Finally, there has never been any adjudication from any

court or other legal body that Plaintiff owes Eco Shield any monies.

More importantly, Eco Shield's arguments referenced above are wildly misleading as they both *entirely ignore Paragraph 76 of the FAC*. At Paragraph 76 of the FAC, Plaintiff *specifically alleged that it was the collection fee which caused his injury*. Paragraph 76 of the FAC states:

> Eco Shield caused harm to the Plaintiff because they asserted a right to a collection fee and attempted to collect a collection fee from Plaintiff that was not justly due and legally chargeable against the Plaintiff. Eco Shield sought money from Plaintiff without basis and thus caused Plaintiff to suffer emotional distress and other damages described *infra*.

The "infra" referred to in Paragraph 76 is Paragraphs 59 and 60 of the FAC. The FAC specially pleads that the "frustration, stress and irritation" Plaintiff suffered was because of the illegal and unwarranted "collection fee" added to his account that Defendants then sought to collect. When accepting this allegation as true and viewing it in a light most favorable to Plaintiff, this allegation clearly establishes that it was the illegal collection fee that caused Plaintiff's injuries. As such, Eco Shield's above argument simply holds no water.

Eco Shield argues on Page 4 of their Motion to Dismiss that Plaintiff alleged that the deception involving the $15 collection fee was the injury, in other words, that the only injury Plaintiff alleged he suffered was being subjected to the $15 "collection fee". [Doc. No. 22, pg. 4]. In order to make this argument, Eco Shield must again completely ignore Paragraphs 59, 60 and 76 of the FAC. These paragraphs detail the specific emotional injuries Plaintiff suffered and also plead that those injuries were caused directly by Eco Shield's illegal and deceptive conduct regarding the $15 "collection fee". The FAC makes clear that the deception and the injury are not the same, and that the emotional injuries resulted from the deception.

Regarding Eco Shield's argument that Plaintiff "fails to allege the necessary causal link between Eco Shield's actions and any purported injury" [Doc. No. 22, pg. 4], again this argument *completely ignores Paragraph 76 of the FAC*. Paragraph 76 directly links Plaintiff's

injuries detailed in Paragraphs 59 & 60 to Eco Shield's deception actions involving the $15

"collection fee". Furthermore, the case of <u>Miller v. Wells Fargo Bank, N.A</u>. 994 F. Supp. 2d 542

(S.D.N.Y. 2014) cited by Eco Shield does not help their argument. In <u>Miller</u>, the plaintiff failed

to plead how the allegedly deceptive acts or practices caused his alleged injury, namely, paying

more than he should have paid for force-placed insurance. The Miller Court found, "The alleged

practice of charging more than the amount needed to protect Wells Fargo Bank's interest in the

property is the reason why plaintiff allegedly paid too much for force-placed insurance.

Defendants' purported misrepresentations and omissions about the pricing and costs of force-

placed insurance <u>simply had nothing to do with how the price was determined</u>." <u>Id</u>. at 558

(Emphasis Added). In other words, it wasn't the alleged deception in <u>Miller</u> that caused the

injury, but rather the alleged deception has nothing to do with the alleged injury. <u>Miller</u> is

complete inapposite to this matter because the FAC clearly pleads that Plaintiff's injuries were a

direct result of Eco Shield's deception.

     The last argument Eco Shield makes regarding damages in their Motion to Dismiss is,

"To the extent he claims frustration with Eco Shield's collection attempt, that frustration is not

alleged to have been cause by the collection fee in and of itself, rather the frustration was

allegedly caused by the fact that Eco Shield was seeking to collect the outstanding (an admittedly

owed) debt…" [Doc. No. 22, pg. 5]. This argument is meritless for many reasons. First, as shown

above, Plaintiff never admitted to owing Eco Shield $190. Secondly, even if the Plaintiff did owe

Eco Shield the $190, it's undisputed that he did not owe the $15 "collection fee". Finally, and

most importantly, again and again, Eco Shield keeps ignoring Paragraph 76 of the FAC and

pretending as if it doesn't exist. Paragraph 76 of the FAC directly alleges that the frustration,

stress and irritation suffered by the Plaintiff was caused by the collection fee in and of itself. Therefore, Eco Shield's argument is completely and utterly meritless.

Finally, Eco Shield argues in their Motion to Dismiss that Plaintiff fails to meet the materially deceptive element of GBL §349 because "he pleads no allegation that the alleged lack of collection fee in the Contract's terms impacted his decision to enter into the contract for services…" [Doc. No. 22, pg. 5]. This argument might only be applicable if Plaintiff was making a false or misleading advertisement claim against Eco Shield based on an advertisement where Eco Shield promised no collection fees. However, Plaintiff makes no such claim against Eco Shield. Furthermore, as demonstrated above, a plethora of case law, including from the Second Circuit Court of Appeals, holds that a company charging an illegal and unwarranted fee engages in a deceptive act in violation of GBL § 349. None of the cases cited above required a consumer to show that the alleged lack of the illegal and unwarranted fee in the underlying contract's terms impacted their decision to enter into the contract. As such Eco Shield argument must be rejected.

**POINT IV**

**THE COMPLAINT SUFFICIENTLY PLEADS THAT OPTIO VIOLATED GBL § 349**

Much of this opposition has been focused on Eco Shield because they were the party who filed the Motion to Dismiss. Optio simply filed a Motion for Joinder to Eco Shield's Motion to Dismiss. However, the FAC also pleads that in the alternative it was Optio who added the $15 "collection fee". (FAC, ¶49). The FAC also pleads that in the alternative Eco Shield added the $15 collection fee and Optio knew that the $15 "collection fee", which was not allowed by the contract between Plaintiff and ECO Shield, was added to the $190 balance. (FAC, ¶50).

"When a pleader is in doubt about what actually occurred or what can be established by the evidence, the modern practice allows that party to plead in the alternative and make

24

inconsistent allegations." Mendoza v. Rast Produce Co., Inc., 45 Cal. Rptr. 3d 525, 531 (Ct. App. 2006); *see also* Fed. R. Civ. P. 8(d)(2) ("A party may set out two or more statements of a claim or defense alternatively or hypothetically[.]"). "If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient." Fed. R. Civ. P. 8(d)(2).

Rule 8(d)(2) makes "lenient provisions for alternative pleading." Washington v. Kellwood Co., 2009 WL 855652, at *10 (S.D.N.Y. Mar. 24, 2009). In the Second Circuit, there is no requirement that the alternative pleadings be made in a technical form. *See* Adler v. Pataki, 185 F.3d 35, 41 (2d Cir. 1999) (finding no obligation to denominate pleadings "in the alternative"). Rule 8(d)(2) permits parties to plead in the alternative within a single count or defense. Henry v. Daytop Village, Inc., 42 F.3d 89, 95 (2d Cir. 1994). And it permits pleadings that posit two inconsistent legal relationships between the parties. *See, e.g.,* Amusement Indus., Inc. v. Stern, 693 F. Supp. 2d 301, 308 (S.D.N.Y. 2010) (permitting third-party plaintiff to plead both that he had no relationship to the responding party; and, in the alternative, that that party was obligated to indemnify him).

It is respectfully submitted that when viewing the alternative pleadings aimed at Optio, as well as Count III of the FAC, and accepting all the alternative factual allegations against Optio as true and viewing them in a light most favorable to Plaintiff, the FAC states a claim under GBL § 349 against Optio for the same reasons detailed above that it does against Eco Shield.

## CONCLUSION

For the foregoing reasons, Plaintiff, Paul Quatinetz, respectfully requests that the Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) filed by Eco Shield [Doc. No. 22] and joined by Optio [Doc. No. 23] be denied.

25

Dated: January 21, 2020

The Law Offices of Gus Michael Farinella, PC

/s/ Ryan Gentile

By:_____

    Ryan Gentile, Esq.
    110 Jericho Turnpike – Suite 100
    Floral Park, NY 11001
    201-873-7675
    rlg@lawgmf.com


The Law Offices of Shimshon Wexler, PC

/s/ Shimshon Wexler

By:_____

    Shimshon Wexler, Esq.
    216 West 104th St., #129
    New York, New York 10025
    212-760-3400
    swexleresq@gmail.com