UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------ X
PAUL QUATINETZ, individually and on           :
behalf of all others similarly situated,      :     Case No. 7:19-cv-08576-CS
                                              :
           Plaintiff,                        :
                                              :     **ORAL ARGUMENT REQUESTED**
    -against-                                :
                                              :
ECO SHIELD PEST CONTROL NEW                   :
YORK CITY LLC; and OPTIO                      :
SOLUTIONS LLC,                                :
         Defendants.                          :
-------------------------------------------------------X

**DEFENDANT ECO SHIELD PEST CONTROL NEW YORK CITY, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS COUNT II OF PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Aaron T. Lloyd *(Admitted Pro Hac Vice)*
GREENBERG TRAURIG, LLP
2375 East Camelback Road, Suite 700
Phoenix, AZ  85016
(602) 445-8000 (Telephone)
(602) 445-8100 (Facsimile)
Email: lloyda@gtlaw.com

Becky L. Caruso
GREENBERG TRAURIG, LLP
500 Campus Drive, Suite 400
Florham Park, NJ  07932
(973) 443-3252 (Telephone)
(973) 301-8410 (Facsimile)
Email:  carusob@gtlaw.com

*Attorneys for Defendant EcoShield Pest Control New York City, LLC*

*48327554*

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................. 1
ARGUMENT .................................................................................................................................. 1
CONCLUSION ............................................................................................................................... 3

*48327554*

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Ault v. J.M. Smucker Co.*,
   310 F.R.D. 59 (S.D.N.Y. 2015) ...................................................................................................1

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ...................................................................................................................1

*Bildstein v. MasterCard Int'l Inc.*,
   329 F. Supp. 410 (S.D.N.Y. 2004) ..............................................................................................1

*Cohen v. JP Morgan Chase & Co.*,
   498 F.3d 111 (2d Cir. 2007) .......................................................................................................2

*Guzman v. Mel S. Harris & Assocs, LLC*,
   2018 WL 1665252 (S.D.N.Y. 2018) ...........................................................................................2

*Kommer v. Bayer Consumer Health*,
   252 F. Supp. 3d 304 (S.D.N.Y. 2017) .........................................................................................1

*Lebowitz v. Dow Jones & Co.*,
   847 F. Supp. 2d 599 (S.D.N.Y. 2012) .........................................................................................1

*Littlefield v. Goldome Bank*,
   142 A.D.2d 978, 530 N.Y.S.2d 400 (4th Dep't 1988) ................................................................2

*Negrin v. Norwest Mortg., Inc.*,
   263 A.D.2d 39, 700 N.Y.S.2d 184 (2d Dep't 1999) ...................................................................2

**STATUTES**

New York General Business Law § 349 ...................................................................................1, 2, 3

**OTHER AUTHORITIES**

Fed. R. Civ. P. 8 ..............................................................................................................................1

Fed. R. Civ. P. 12 ............................................................................................................................1

Defendant Eco Shield Pest Control New York City LLC ("Eco Shield" or "Defendant"), by and through undersigned counsel, submits this reply in support of its Motion to Dismiss Count II of Plaintiff's First Amended Class Action Complaint Pursuant to Fed. R. Civ. P. 12(b)(6).

## PRELIMINARY STATEMENT

Plaintiff argues that "[i]f the arguments made by Eco Shield in their Motion to Dismiss were to be accepted, companies would have *carte blanche* to charge New York consumers any illegal, unwarranted or simply made up fee they wished, whenever they wished, and those consumers who were injured by those illegal fees would have no ability to seek redress under GBL § 349, a statute specifically designed to remedy such deceptive acts." Response at 1. Plaintiff's overbroad generalization—that, if this case cannot go forward then none can—is nothing more than an attempt to hide the fact that Plaintiff's complaint must be dismissed as a matter of law because it fails to state the necessary elements of a GBL § 349 claim. Federal Rules of Civil Procedure 8 and 12 require that Plaintiff's complaint contain not mere labels and conclusions, but a sufficient factual basis from which relief on the claim may be granted. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). As to GBL § 349 specifically, Plaintiff must allege that Defendant's <u>materially</u> deceptive practices <u>caused</u> his statutory injury. *Kommer v. Bayer Consumer Health*, 252 F. Supp. 3d 304, 311 (S.D.N.Y. 2017). He has not.

## ARGUMENT

Plaintiff correctly points out that Eco Shield does not challenge the consumer-oriented nature of Eco Shield's actions. *See* Response at 7–9. But while Plaintiff has alleged that conduct was oriented at him, he has not alleged it was materially deceiving or that it caused him injury. The alleged deceptive act cannot serve double duty as both the deception and the injury. *See Bildstein v. MasterCard Int'l Inc.*, 329 F. Supp. 410, 415 (S.D.N.Y. 2004); *Lebowitz v. Dow Jones & Co.*, 847 F. Supp. 2d 599, 605 (S.D.N.Y. 2012) (stating a material deception is one involving information that is important to consumers and likely to affect their choice of product). Indeed, Plaintiff must show he suffered a loss because of Eco Shield's materially deceptive act. *See Ault*

1

*v. J.M. Smucker Co.*, 310 F.R.D. 59, 63 (S.D.N.Y. 2015) (citing *Rodriguez v. It's Just Lunch, Int'l*, 300 F.R.D. 125, 147 (S.D.N.Y. 2014)). Again, he has not.

The cases cited by Plaintiff regarding the material and causation elements are inapposite, as they involve claims for fees that were paid and/or actually caused damage. *See Cohen v. JP Morgan Chase & Co.*, 498 F.3d 111, 127 (2d Cir. 2007) (reversing dismissal of GBL § 349 claim and allowing, upon remand, the plaintiff to "amend her state law claim to include her belated allegation that payment of the challenged post-closing fee was coerced by the threat of forfeiting a $425 non-refundable application and appraisal fee"); *Negrin v. Norwest Mortg., Inc.*, 263 A.D.2d 39, 41, 700 N.Y.S.2d 184, 186 (2d Dep't 1999) (where plaintiff paid the later disputed $23.50 recording and fax fee).[1] Plaintiff did not pay the alleged improper $15 collection fee nor does he plead sufficient facts tying his alleged injury to the collection fee.

As an example, in *Guzman v. Mel S. Harris & Assocs, LLC*, the plaintiff was stressed and frustrated because of the lawsuit to the extent he left his job as a truck driver because he feared having an accident. No. 16 Civ. 3499 (GBD), 2018 WL 1665252, at *12 (S.D.N.Y. 2018). There, the defendant's deceptive practice materially affected the plaintiff and caused him damage. But here, again, Plaintiff's FAC and Response show that the alleged collection fee neither impacted him nor materially misled him in any way. Plaintiff argues "[t]he FAC makes clear that Plaintiff does not believe that he owes any debt to Eco Shield and that the debt is simply 'alleged' to be owed" (despite his reliance on the contract, which supports that the $190 initial discount was owed if he canceled his contract, and the fact Plaintiff essentially concedes it was owed). Response at 21. Plaintiff further argues that "there has never been any adjudication from any court or other legal body that Plaintiff owes Eco Shield any monies," Response at 21–22, indicating that Plaintiff would not have repaid the initial discount and that the alleged collection fee caused him no injury.

---

[1] Given the court's summary factual background and reasoning in *Littlefield v. Goldome Bank*, it is difficult to infer, either way, whether *Littlefield* is helpful to Plaintiff's case or Eco Shield's. *See* 142 A.D.2d 978, 530 N.Y.S.2d 400 (4th Dep't 1988).

48327554

His frustration was with the fact that, as he claims, Exhibit B shows he complained about the service performed.  Response at 21.

Eco Shield does not ignore any allegations in the FAC, as Plaintiff argues.  Plaintiff alleges that he canceled services because Eco Shield misrepresented its services and costs.  FAC ¶ 17.  For several months, Plaintiff failed to pay the alleged debt.  FAC ¶¶ 23–30.  Plaintiff claims that, "in this matter [Eco Shield] misled the Plaintiff."  FAC ¶ 74.  Plaintiff claims Eco Shield sought money from Plaintiff without basis and thus caused Plaintiff to suffer emotional distress and other damages described *infra*.  FAC ¶ 76.  But throughout his Complaint, Plaintiff challenges the debt generally.  Eco Shield's argument is that these factual allegations fail to establish the necessary material and causal elements required by GBL § 349, and rather are elements of a breach of contract or debt collection claim, which he does not, and cannot, allege.  *See* FAC ¶ 77 (stating "Eco Shield breached its contract").

To the extent Plaintiff cites cases supporting his blanket conclusion that he "suffer[ed] emotional distress and other damages," that harm is untethered from a <u>material</u> deceptive practice required by GBL § 349.  Again, Plaintiff refused to pay his debt previously, has refused to pay his debt continuously, and has not alleged that he actually paid any purported collection fee.  Plaintiff fails to plead any facts regarding the specific "frustration, stress and irritation" caused by the alleged $15 collection fee separate and apart from his refusal to pay the debt generally.  FAC ¶ 59.  Plaintiff's inclusion of bare legal and factual conclusions cannot save his FAC.

Because he has failed to allege the necessary material and causal elements of a GBL § 349 claim, his complaint must be dismissed.

## **CONCLUSION**

For the foregoing reasons, Eco Shield respectfully requests that Count II of Plaintiff's First Amended Class Action Complaint be dismissed with prejudice.

Dated:     Phoenix, Arizona
           January 31, 2020

GREENBERG TRAURIG, LLP

By: /s/ *Aaron T. Lloyd*
    Aaron T. Lloyd *(Admitted Pro Hac Vice)*
    2375 East Camelback Road, Suite 700
    Phoenix, AZ  85016
    (602) 445-8000 (Telephone)
    (602) 445-8100 (Facsimile)
    Email: lloyda@gtlaw.com

    Becky L. Caruso
    500 Campus Drive, Suite 400
    Florham Park, NJ  07932
    (973) 443-3252 (Telephone)
    (973) 301-8410 (Facsimile)
    Email:  carusob@gtlaw.com

    *Attorneys for Defendant EcoShield Pest Control New York City, LLC*

*48327554*