UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------ X
PAUL QUATINETZ, individually and on : 
behalf of all others similarly situated, : Case No. 7:19-cv-08576-CS
 :
       Plaintiff, :
 :
 -against- :
 :
ECO SHIELD PEST CONTROL NEW :
YORK CITY LLC; and OPTIO :
SOLUTIONS LLC, :
       Defendants. :
-------------------------------------------------------X

## DEFENDANT ECO SHIELD PEST CONTROL NEW YORK CITY, LLC'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT

Defendant Eco Shield Pest Control New York, LLC ("Eco Shield" or "Defendant"), through undersigned counsel, files this Answer to Plaintiff's First Amended Class Action Complaint ("FAC") [Doc. #21], and states as follows:

### INTRODUCTION

1. This paragraph contains Plaintiff's statement of the case and legal arguments to which no response is required. To the extent a response is required, Eco Shield admits only that Plaintiff purports to bring a class action but denies any and all liability to Plaintiff. Eco Shield denies any remaining allegations contained in Paragraph 1 of the FAC.

2. This paragraph contains Plaintiff's statement of the case and legal argument to which no response is required. To the extent a response is required, Eco Shield admits only that Plaintiff alleges Eco Shield's actions were deceptive and in violation of Section 349 of New York's General Business Law ("GBL") but denies any and all liability to Plaintiff. Eco Shield denies any remaining allegations contained in Paragraph 2 of the FAC.

3. This paragraph contains Plaintiff's statement of the case and legal argument to which no response is required. To the extent a response is required, Paragraph 3 does not contain

1

an allegation against Eco Shield for which a response is needed. Eco Shield otherwise denies any allegations contained in Paragraph 3 of the FAC.

## JURISDICTION AND VENUE

4. Eco Shield admits only that jurisdiction in this Court is proper. Eco Shield denies any remaining allegations contained in Paragraph 4 of the FAC.

5. Eco Shield admits only that venue in this Court is proper. Eco Shield denies all remaining allegations contained in Paragraph 5 of the FAC.

## PARTIES

6. Upon information and belief, Eco Shield admits the allegations contained in Paragraph 6 of the FAC.

7. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, 15 U.S.C. § 1692a(3) speaks for itself.

8. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, the GBL speaks for itself. Eco Shield denies any and all alleged violations of the GBL.

9. Upon information and belief, Optio is a limited liability company with a principal place of business in the State of California.

10. Paragraph 10 does not contain an allegation against Eco Shield for which a response is needed. To the extent a response is required, Eco Shield lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 10, and therefore denies them.

11. Paragraph 11 does not contain an allegation against Eco Shield for which a response is needed. To the extent a response is required, Eco Shield admits, upon information and belief, the allegations contained in Paragraph 11 of the FAC.

12. Paragraph 12 does not contain an allegation against Eco Shield for which a response is needed. To the extent a response is required, Optio's website speaks for itself.

13. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, 15 U.S.C. § 1692a(6) speaks for itself.

14. Eco Shield admits the allegations contained in Paragraph 14 of the FAC.

15. Eco Shield admits the allegations contained in Paragraph 15 of the FAC.

## FACTS

16. Eco Shield admits the allegations contained in Paragraph 16 of the FAC. The service agreement attached thereto as **Exhibit A** speaks for itself.

17. Eco Shield denies that it misrepresented its services and costs. Eco Shield otherwise admits only that Plaintiff cancelled his services. Eco Shield denies that **Exhibit B** evidences anything other than that Plaintiff cancelled his services.

18. Eco Shield admits the allegations contained in Paragraph 18 of the FAC.

19. This paragraph contains Plaintiff's statement of the case and a legal conclusion to which no response is required. To the extent a response is required, Eco Shield admits only that it provided pest control services at Plaintiff's home.

20. This paragraph contains Plaintiff's statement of the case and a fact known only to Plaintiff, i.e., the reason he opened an account with Eco Shield, to which no response is required. To the extent a response is required, Eco Shield admits only that it provided pest control services at Plaintiff's home.

21. Eco Shield lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 21, and therefore denies them.

22. This paragraph contains Plaintiff's statement of the case and a legal conclusion to which no response is required. To the extent a response is required, 15 U.S.C. § 1692a(5) speaks for itself.

23. Eco Shield admits only that Plaintiff failed to pay the unpaid balance of the full initial service charge as required by the service agreement, which speaks for itself.

24. Eco Shield admits only that Plaintiff failed to pay the unpaid balance of the full initial service charge as required by the service agreement, which speaks for itself.

25. Eco Shield admits the allegations contained in Paragraph 25 of the FAC.

26. This paragraph does not contain an allegation against Eco Shield for which a response is required.

27. Eco Shield admits that Plaintiff failed to pay the unpaid balance of the full initial service charge as required by the service agreement, which speaks for itself.

28. Eco Shield admits that Plaintiff failed to pay the unpaid balance of the full initial service charge as required by the service agreement, which speaks for itself, and that it referred the matter to Optio for collection.

29. Eco Shield admits that Plaintiff failed to pay the unpaid balance of the full initial service charge as required by the service agreement, which speaks for itself, and that it referred the matter to Optio for collection.

30. Eco Shield admits that it attempted to collect the unpaid balance of Plaintiff's full initial service charge as required by the service agreement.

31. Upon information and belief, Eco Shield admits the allegations in Paragraph 31 of the FAC. The collection letter attached as **Exhibit C** speaks for itself.

32. Upon information and belief, Eco Shield admits the allegations in Paragraph 32 of the FAC.

33. Eco Shield admits only that it provided information to Optio. Eco Shield otherwise denies the allegations contained in Paragraph 33 of the FAC.

34. Eco Shield admits only that it provided information to Optio. Eco Shield otherwise denies the allegations contained in Paragraph 34 of the FAC.

35. Upon information and belief, Eco Shield admits the allegations contained in Paragraph 35 of the FAC.

36. Upon information and belief, Eco Shield admits the allegations contained in Paragraph 36 of the FAC.

37. Eco Shield admits the allegations contained in Paragraph 37 of the FAC.

38. Eco Shield admits the allegations contained in Paragraph 38 of the FAC.

39. The allegations in Paragraph 39 purport to characterize the letter attached as **Exhibit C**, which speaks for itself and for which no response is required.

40. This paragraph contains Plaintiff's statement of the case and a legal conclusion to which no response is required. To the extent a response is required, 15 U.S.C. § 1692a(2) speaks for itself.

41. Eco Shield lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 41, and therefore denies them.

42. Eco Shield lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 42, and therefore denies them.

43. This paragraph contains Plaintiff's statement of the case and a legal conclusion to which no response is required. To the extent a response is required, 15 U.S.C. § 1692(a)(2) speaks for itself.

44. The allegations in Paragraph 44 purport to characterize the letter attached as **Exhibit C**, which speaks for itself and for which no response is required.

45. The allegations in Paragraph 45 purport to characterize the letter attached as **Exhibit C**, which speaks for itself and for which no response is required.

46. Eco Shield admits only that Plaintiff failed to pay the unpaid balance of the full initial service charge as required by the service agreement, which speaks for itself.

47. Eco Shield admits only that Plaintiff failed to pay the unpaid balance of the full initial service charge as required by the service agreement, which speaks for itself.

48. The allegations in Paragraph 48 purport to the characterize the letter attached as **Exhibit C**, which speaks for itself and for which no response is required.

49. Eco Shield denies the allegations contained in Paragraph 49 of the FAC.

50. Eco Shield lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 50, and therefore denies them.

51728913

51. This paragraph contains Plaintiff's statement of the case and a legal conclusion to which no response is required. To the extent a response is required, the service agreement attached as **Exhibit A** speaks for itself.

52. This paragraph contains Plaintiff's statement of the case and a legal conclusion to which no response is required. To the extent a response is required, the service agreement attached as **Exhibit A** speaks for itself.

53. This paragraph contains Plaintiff's statement of the case and a legal conclusion to which no response is required. To the extent a response is required, the service agreement attached as **Exhibit A** speaks for itself.

54. This paragraph contains Plaintiff's statement of the case and a legal conclusion to which no response is required. To the extent a response is required, Eco Shield denies the allegations contained in Paragraph 54 of the FAC.

55. This paragraph contains Plaintiff's statement of the case and a legal conclusion to which no response is required. To the extent a response is required, Eco Shield denies the allegations contained in Paragraph 55 of the FAC.

56. Eco Shield denies the allegations contained in Paragraph 56 of the FAC.

57. This paragraph does not contain an allegation against Eco Shield for which a response is required.

58. This paragraph contains Plaintiff's statement of the case and factual speculation to which no response is required. To the extent a response is required, Eco Shield denies any and all violations of the GBL.

59. This paragraph contains Plaintiff's statement of the case to which no response is required. To the extent a response is required, Eco Shield denies the allegations contained in Paragraph 59 of the FAC.

60. This paragraph contains Plaintiff's statement of the case to which no response is required. To the extent a response is required, Eco Shield denies the allegations contained in Paragraph 60 of the FAC.

61. This paragraph contains Plaintiff's statement of the case to which no response is required. To the extent a response is required, Eco Shield denies any and all violations of the GBL.

## CLAIMS FOR RELIEF

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
(Against Optio)

62. This paragraph does not contain an allegation against Eco Shield for which a response is required.

63. This paragraph does not contain an allegation against Eco Shield for which a response is required.

64. This paragraph does not contain an allegation against Eco Shield for which a response is required.

65. This paragraph does not contain an allegation against Eco Shield for which a response is required.

66. This paragraph does not contain an allegation against Eco Shield for which a response is required.

67. This paragraph does not contain an allegation against Eco Shield for which a response is required.

### COUNT II

### VIOLATION OF NEW YORK STATE GENERAL BUSINESS LAW
(Against Eco Shield)

68. Eco Shield incorporates by reference its responses to the paragraphs of the FAC as set forth above.

69. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Eco Shield denies the allegations contained in Paragraph 69 of the FAC.

70. This paragraph purports to characterize GBL § 349, which speaks for itself and for which no response is required.

71. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Eco Shield denies the allegations contained in Paragraph 71 of the FAC.

72. This paragraph contains Plaintiff's statement of the case and factual speculation to which no response is required. To the extent a response is required, Eco Shield denies the allegations contained in Paragraph 72 of the FAC.

73. This paragraph contains Plaintiff's statement of the case and a legal conclusion to which no response is required. To the extent a response is required, Eco Shield denies the allegations contained in Paragraph 73 of the FAC.

74. This paragraph contains Plaintiff's statement of the case and legal conclusions to which no response is required. To the extent a response is required, Eco Shield denies the allegations contained in Paragraph 74 of the FAC.

75. This paragraph contains Plaintiff's statement of the case, factual speculation, and legal conclusions to which no response is required. To the extent a response is required, Eco Shield denies the allegations contained in Paragraph 75 of the FAC.

76. This paragraph contains Plaintiff's statement of the case and legal conclusions to which no response is required. To the extent a response is required, Eco Shield denies the allegations contained in Paragraph 76 of the FAC.

77. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Eco Shield denies the allegations contained in Paragraph 77 of the FAC.

78. This paragraph contains Plaintiff's statement of the case and legal conclusions to which no response is required. To the extent a response is required, Eco Shield denies the allegations contained in Paragraph 78 of the FAC.

51728913

## COUNT III

**VIOLATION OF NEW YORK STATE GENERAL BUSINESS LAW**
**(Against Optio)**

79. Eco Shield incorporates by reference its responses to the paragraphs of the FAC as set forth above.

80. This paragraph does not contain an allegation against Eco Shield for which a response is required.

81. This paragraph does not contain an allegation against Eco Shield for which a response is required.

82. This paragraph does not contain an allegation against Eco Shield for which a response is required.

83. This paragraph does not contain an allegation against Eco Shield for which a response is required.

84. This paragraph does not contain an allegation against Eco Shield for which a response is required.

85. This paragraph does not contain an allegation against Eco Shield for which a response is required.

86. This paragraph does not contain an allegation against Eco Shield for which a response is required.

87. This paragraph does not contain an allegation against Eco Shield for which a response is required.

## CLASS ALLEGATIONS

88. This paragraph contains Plaintiff's statement of the case, which speaks for itself and for which no response is required.

89. Plaintiff's first proposed class speaks for itself and a response is not required. To the extent a response is required, Eco Shield denies any and all allegations contained in Paragraph 89 of the FAC.

90. Plaintiff's second proposed class speaks for itself and a response is not required. To the extent a response is required, Eco Shield denies any and all allegations contained in Paragraph 90 of the FAC.

91. This paragraph does not require a response.

92. This paragraph speaks for itself and does not require a response.

93. This paragraph purports to establish Plaintiff's right for class treatment of his claims, and requires no response. To the extent a response is required, Eco Shield denies that class treatment is appropriate.

## GENERAL DENIAL

94. Eco Shield denies any and all violations of the GBL and that a jury issue is warranted.

## AFFIRMATIVE DEFENSES

Eco Shield hereby asserts the following defenses:

### First Affirmative Defense

(Failure to State a Claim)

The FAC, and each purported claim alleged therein, fails to set forth facts sufficient to state a claim against Eco Shield.

### Second Affirmative Defense

(Lack of Standing)

Plaintiff's claims are barred in whole or in part, because Plaintiff and/or the putative class members have not suffered an injury in fact or actual damages and therefore lack standing to sue.

### Third Affirmative Defense

(Failure to Mitigate Damages)

Plaintiff failed to mitigate his damages.

### Fourth Affirmative Defense

(Statute of Limitations)

Any claim in the FAC on behalf of allegedly injured individuals is barred to the extent that damages or other relief are sought for actions outside the applicable statute of limitations.

### Fifth Affirmative Defense

(Plaintiff's Own Acts and/or Omissions)

Plaintiff's claims may be precluded, in whole or in part, to the extent Plaintiff's purported damages, if any, were caused by Plaintiff's acts and/or omissions.

### Sixth Affirmative Defense

(Release, Waiver, Unclean Hands, Laches, or Estoppel)

Plaintiff's claims may be barred by release, waiver, unclean hands, laches, or estoppel.

### Seventh Affirmative Defense

(Setoff and/or recoupment)

Any recovery of Plaintiff's claims is offset (or set off) by the debt(s) owed.

### Eighth Affirmative Defense

Plaintiff's claims may be precluded, in whole or part, to the extent Plaintiff's purported damages, if any, were caused by third parties over whom Eco Shield had no control or authority.

WHEREFORE, Defendant Eco Shield Pest Control New York City, LLC respectfully demands judgment against the Plaintiff dismissing the Amended Complaint in its entirety together for such other, further or different relief, not inconsistent herewith, as may be just, equitable and proper, together with the costs and disbursements of this action.

Dated:   Phoenix, Arizona
         August 19, 2020

                              GREENBERG TRAURIG, LLP

                              By: /s/ *Aaron T. Lloyd*
                                  Aaron T. Lloyd *(Admitted Pro Hac Vice)*
                                  2375 East Camelback Road, Suite 700
                                  Phoenix, AZ  85016
                                  (602) 445-8000 (Telephone)
                                  (602) 445-8100 (Facsimile)
                                  Email: lloyda@gtlaw.com

11

51728913

Becky L. Caruso
500 Campus Drive, Suite 400
Florham Park, NJ  07932
(973) 443-3252 (Telephone)
(973) 301-8410 (Facsimile)
Email:  carusob@gtlaw.com

*Attorneys for Defendant EcoShield Pest Control New York City, LLC*