UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

PAUL QUATINETZ, individually and on
behalf of a class

      Plaintiff,                               Case No. 7:19-cv-8576

vs.

ECO SHIELD PEST CONTROL
NEW YORK CITY LLC and
OPTIO SOLUTIONS, LLC

      Defendants.

_____

### DEFENDANT OPTIO SOLUTIONS, LLC'S ANSWER TO
### PLAINTIFF'S AMENDED COMPLAINT

Defendant Optio Solutions, LLC ("Defendant"), by and through its undersigned counsel,

Lippes Mathias Wexler Friedman LLP, and for its Answer to Plaintiff Paul Quatinetz's ("Plaintiff")

Amended Complaint, upon information and belief, states as follows:

### INTRODUCTION

1.    Defendant admits that Plaintiff's Amended Complaint seeks to recover on behalf

of himself and purported classes for alleged deceptive acts and debt collection practices. Defendant

denies that it committed any deceptive act or debt collection practices.

2.    Defendant lacks knowledge or information sufficient to form a belief as to the

allegations contained in Paragraph 2 and therefore denies same.

3.    Defendant admits that Plaintiff's Amended Complaint seeks to recover for

purported violations of the Fair Debt Collection Practices Act and New York's General Business

Law § 349. Defendant denies that it violated said statutes.

## JURISDICTION AND VENUE

4.      The allegations in Paragraph 4 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 4.

5.      The allegations in Paragraph 5 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 5.

## PARTIES

6.      Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 6, and therefore denies same.

7.      Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 7 and therefore denies same.

8.      Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 8 and therefore denies same.

9.      Admitted in part. Defendant admits that is a Delaware limited liability company with a principal place of business in the State of California. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 9 and therefore denies same.

10.      The allegations in Paragraph 10 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 10.

11.     The allegations in Paragraph 11 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 11.

12.     Defendant's website speaks for itself and no response is required. To the extent a response is required, Defendant denies each and every obligation in Paragraph 12.

13.     The allegations in Paragraph 13 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 13.

14.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 14 and therefore denies same.

15.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 15 and therefore denies same.

**FACTS**

16.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 16 and therefore denies same.

17.     Defendant denies each and every allegation in Paragraph 17.

18.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 18 and therefore denies same.

19.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 19 and therefore denies same.

20.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 20 and therefore denies same.

21.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 21 and therefore denies same.

22.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 22 and therefore denies same.

23.     Admitted.

24.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 24 and therefore denies same.

25.     Admitted in part. Defendant admits that the account at issue in the Amended Complaint was referred to Defendant for collection. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 25 and therefore denies same.

26.     Admitted.

27.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 27 and therefore denies same.

28.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 28 and therefore denies same.

29.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 29 and therefore denies same.

30.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 30 and therefore denies same.

31.     Defendant admits that it sent Plaintiff a letter dated June 10, 2019. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 31 and therefore denies same.

32.     Defendant admits that it sent Plaintiff a letter dated June 10, 2019. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 32 and therefore denies same.

33.     Defendant admits that it sent Plaintiff a letter dated June 10, 2019.  Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 33 and therefore denies same.

34.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 34 and therefore denies same.

35.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 35 and therefore denies same.

36.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 36 and therefore denies same.

37.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 37 and therefore denies same.

38.     Defendant denies each and every allegation in Paragraph 38.

39.     Defendant denies each and every allegation in Paragraph 39.

40.     Defendant denies each and every allegation in Paragraph 40.

41.     Defendant denies each and every allegation in Paragraph 41.

42.     Defendant denies each and every allegation in Paragraph 42.

43.     Defendant denies each and every allegation in Paragraph 43.

44.     Defendant denies each and every allegation in Paragraph 44.

45.     Defendant denies each and every allegation in Paragraph 45.

46.     Defendant denies each and every allegation in Paragraph 46.

47.     Defendant denies each and every allegation in Paragraph 47.

48.     Defendant denies each and every allegation in Paragraph 48.

49.     Defendant denies each and every allegation in Paragraph 49.

50.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 50 and therefore denies same.

51.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 51 and therefore denies same.

52.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 52 and therefore denies same.

53.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 53 and therefore denies same.

54.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 54 and therefore denies same.

55.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 55 and therefore denies same.

56.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 56 and therefore denies same.

57.     Defendant denies each and every allegation in Paragraph 57.

58.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 58 and therefore denies same.

59.     Defendant denies each and every allegation in Paragraph 59.

60.     Defendant denies each and every allegation in Paragraph 60.

61.     Defendant denies each and every allegation in Paragraph 61.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (Against Optio)

62.     Defendant denies each and every allegation in Paragraph 62.

63.     The allegations in Paragraph 63 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 63.

64.     The Fair Debt Collection Practices Act ("FDCPA") speaks for itself and no response is required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 64.

65.     The FDCPA speaks for itself and no response is required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 65.

66.     The FDCPA speaks for itself and no response is required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 66.

67.     Defendant denies each and every allegation in Paragraph 67.

## VIOLATION OF NEW YORK STATE GENERAL BUSINESS LAW
### (Against Eco Shield)

68.     With respect to Paragraph 68, Defendant repeats and realleges its answer to the allegations set forth in all of its responsive Paragraphs as if same were fully set forth at Paragraph 68.

69.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 69 and therefore denies same.

70.     New York's General Business Law § 349 speaks for itself and no response is required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 70.

71.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 71 and therefore denies same.

72.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 72 and therefore denies same.

73.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 73 and therefore denies same.

74.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 74 and therefore denies same.

75.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 75 and therefore denies same.

76.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 76 and therefore denies same.

77.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 77 and therefore denies same.

78.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 78 and therefore denies same.

### VIOLATION OF NEW YORK STATE GENERAL BUSINESS LAW
### (Against Optio)

79.     With respect to Paragraph 79, Defendant repeats and realleges its answer to the allegations set forth in all of its responsive Paragraphs as if same were fully set forth at Paragraph 79.

80.     Defendant denies each and every allegation in Paragraph 80.

81.     New York's General Business Law § 349 speaks for itself and no response is required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 81.

82.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 82 and therefore denies same.

83.     Defendant denies each and every allegation in Paragraph 83.

84.     Defendant denies each and every allegation in Paragraph 84.

85.     Defendant denies each and every allegation in Paragraph 85.

86.     Defendant denies each and every allegation in Paragraph 86.

87.     Defendant denies each and every allegation in Paragraph 87.

## CLASS ALLEGATIONS

88.     Defendant admits that Plaintiff's Amended Complaint seeks class action treatment. Defendant denies that class action treatment is appropriate.

89.     Plaintiff's First Proposed Class speaks for itself and a response is not required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 89.

90.     Plaintiff's Second Proposed Class speaks for itself and a response is not required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 90.

91.     Defendant denies each and every allegation in Paragraph 91.

92.     Defendant denies each and every allegation in Paragraph 92.

93.     Defendant denies each and every allegation in Paragraph 93.

## FIRST AFFIRMATIVE DEFENSE

94.    The Complaint fails to state a claim upon which relief can be granted against the answering Defendant.

## SECOND AFFIRMATIVE DEFENSE

95.    Plaintiff lacks Article III standing to pursue the allegations in the Complaint.

## THIRD AFFIRMATIVE DEFENSE

96.    The Plaintiff's claims alleged in the Complaint are barred by the statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

97.    Plaintiff failed to mitigate his damages.

## FIFTH AFFIRMATIVE DEFENSE

98.    Plaintiff's claims may be precluded, in whole or part, to the extent Plaintiff's purported damages, if any, were caused by Plaintiff's acts and/or omissions.

## SIXTH AFFIRMATIVE DEFENSE

99.    Plaintiff's claims may be precluded, in whole or part, to the extent Plaintiff's purported damages, if any, were caused by third parties over whom Defendant had no control or authority.

## SEVENTH AFFIRMATIVE DEFENSE

100.    To the extent Defendant's actions violated the law, such actions were the result of a bona fide error notwithstanding reasonable procedures designed to avoid such error(s).

## EIGHTH AFFIRMATIVE DEFENSE

101.    Plaintiffs' claims are barred by release, waiver, unclean hands, laches, estoppel and/or res judicata.

## NINTH AFFIRMATIVE DEFENSE

102.    Plaintiff cannot certify a class as set forth by Fed. R. Civ. P. 23.

WHEREFORE, Defendant Optio Solutions, LLC respectfully demands judgment against the Plaintiff dismissing the Amended Complaint in its entirety together for such other, further or different relief, not inconsistent herewith, as may be just, equitable and proper, together with the costs and disbursements of this action.

DATED:        August 19, 2020

**LIPPES MATHIAS WEXLER FRIEDMAN LLP**

/s Brendan H. Little
Brendan H. Little, Esq.
Attorneys for Defendant Optio Solutions, LLC
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202
P: 716-853-5100
F: 716-853-5199
E: blittle@lippes.com