UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
PAUL QUATINETZ, individually and on behalf of
a class,

                                              Plaintiff,

    - against -                                           No. 19-CV-8576 (CS)

ECO SHIELD PEST CONTROL NEW YORK
CITY, LLC, and OPTIO SOLUTIONS LLC,

                                            Defendants.
---------------------------------------------------------------x

## ORDER PRELIMINARILY APPROVING SETTLEMENT

       WHEREAS, this Court has been advised that the parties to this action, Paul Quatinetz ("Plaintiff" or "Class Representative"), and Eco Shield Pest Control New York City, LLC ("Eco Shield") and Optio Solutions LLC ("Optio") (Eco Shield and Optio, when used collectively, are hereinafter referred to as "Defendants"), through their respective counsel, have agreed, subject to Court approval following notice to the Class Members and a hearing, to settle the above-captioned lawsuit ("Lawsuit") upon the terms and conditions set forth in the Class Action Settlement Agreement and Release, (Doc. 33-2 ("Gentile Decl.") Ex. A ("Settlement Agreement")), and the Court deeming that the definitions set forth in the Settlement Agreement are hereby incorporated by reference herein (with capitalized terms as set forth in the Settlement Agreement);

       NOW, THEREFORE, based upon the Settlement Agreement and all of the files, records, and proceedings herein, and it appearing to this Court that, upon preliminary examination, the proposed settlement appears fair, reasonable, and adequate, and that a hearing should and will be held **on July 16, 2021 at 3:30 p.m.**, after notice to the Class Members, to confirm that the

proposed settlement is fair, reasonable, and adequate, and to determine whether a Final Order and Judgment should be entered in this Lawsuit:

**IT IS HEREBY ORDERED:**

This Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, and 1711-1715, Defendants, through the Settlement Administrator defined below, will cause to be served written notice of the proposed class settlement on the United States Attorney General and the Attorneys General of each state in which any Class Member resides.

The Class is defined as:

> (a) all individuals (b) with a New York address (c) from whom Defendants attempted to collect and/or asserted a right to collect, a collection fee in addition to any amount Eco Shield claimed such individual owed them (d) from September 16, 2016 through September 16, 2019.

Defendants have identified a total of 472 potential Class Members.

The Court hereby appoints Paul Quatinetz as the Class Representative and appoints Ryan Gentile, Esq. of Law Offices of Gus Michael Farinella, P.C. and Shimshon Wexler, Esq. of S. Wexler, LLC as Class Counsel.

The Court preliminarily finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Settlement Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the complexity, expense, and probable duration of further litigation; the stage of the proceedings and the amount of discovery engaged in by the parties; the risk of establishing liability and damages; the risk of maintaining the class action through trial; the possible recovery and all the attendant risk of litigation; and the opinions of Class Counsel.

*See City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir.1974), *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000).

A third-party settlement administrator acceptable to the parties will administer the settlement and notification to Class Members.  The Settlement Administrator will be responsible for mailing the approved class action notice and settlement checks to the Class Members.  All reasonable costs of notice and administration will be paid by Defendants separate and apart from the Settlement Fund.  Upon the recommendation of the parties, the Court appoints the following administrator:  Phoenix Class Action Administration Solutions.

The Court approves the form and substance of the written notice of the class action settlement attached as Exhibit A to Docket Entry 35.  The proposed form and method for notifying the Class Members of the settlement and its terms and conditions meet the requirements of Rule 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all persons and entities entitled to the notice.  *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974); *In re Merrill Lynch Tyco Research Sec. Litig.*, 249 F.R.D. 124, 132-33 (S.D.N.Y. 2008).  The Court finds that the proposed notices are clearly designed to advise the Class Members of their rights.  In accordance with the Settlement Agreement, the Settlement Administrator will mail the notice to the Class Members as expeditiously as possible, but in no event later than 21 days after the Court's entry of this order, *i.e.*, **no later than April 14, 2021**.  The Settlement Administrator will confirm, and if necessary, update the addresses for the Class Members through standard methodology that the Settlement Administrator currently uses to update addresses.

Any Class Member who desires to be excluded from the Class must send a written request for exclusion to the Settlement Administrator with a postmark date no later than 75 days

3

after the Court's entry of this order, *i.e.*, **no later than June 7, 2021**.  To be effective, the written request for exclusion must state the Class Member's full name, address telephone number, and email address (if available), along with a statement that the Class Member wishes to be excluded, and must be signed by the Class Member.  Any Class Member who submits a valid and timely request for exclusion will not be bound by the terms of the Settlement Agreement.  Any Class Member who fails to submit a valid and timely request for exclusion will be considered a Settlement Class Member and will be bound by the terms of the Settlement Agreement.

Any Class Member who intends to object to the fairness of this settlement must file a written objection with the Court within 75 days after the Court's entry of this Order, *i.e.*, **no later than June 7, 2021**.  Further, any such Class Member must, within the same time period, provide a copy of the written objection to Class Counsel, attention:  Ryan Gentile, Law Offices of Gus Michael Farinella, PC, 110 Jericho Turnpike – Suite 100 Floral Park, NY 11001 and Shimshon Wexler, S, Wexler, LLC, 2244 Henderson Mill Road, Suite 108 Atlanta, GA 30345; and Counsel for Eco Shield, Aaron Lloyd of Greenberg Traurig, P.A. 2375 E. Camelback Road – Suite 700 Phoenix, AZ 85016 and Becky Leigh Caruso of Greenberg Traurig, P.A. 500 Campus Drive, Suite 400, Florham Park, NJ 07932; and counsel for Optio, Brendan H. Little of Lippes Mathias Wexler Friedman LLP, 50 Fountain Plaza – Suite 1700 Buffalo, NY 14202.

To be effective, a notice of intent to object to the Settlement must:

- (a) Contain a heading which includes the name of the case and case number;
- (b) Provide the name, address, telephone number, and email address (if available) of the Class Member filing the objection;
- (c) Be filed with the Clerk of the Court no later than 75 days after the Court preliminarily approves the settlement;
- (d) Attach documents establishing, or provide information sufficient to allow the Parties to confirm, that the objector is a Class Member;

    (e)    Be sent to Class Counsel and counsel for Defendants at the addresses above by first-class mail, postmarked no later than 75 days after the Court preliminarily approves the settlement;

    (f)    Contain the name, address, bar number, and telephone number of the objecting Class Member's counsel, if represented by an attorney. If the Class Member is represented by an attorney, he/she must comply with all applicable laws and rules for filing pleadings and documents in the U.S. District Court for the Southern District of New York.

    (g)    Contain a statement of the specific basis for each objection;

    (h)    Identify any documents which such objector desires the Court to consider, including all legal authorities the objector will present at the settlement approval hearing; and

    (i)    State whether the objector intends to appear at the settlement approval hearing on his or her own behalf or through counsel.

Any Class Member who has timely filed an objection may appear at the Final Approval Hearing, in person or by counsel, to be heard to the extent allowed by the Court, applying applicable law, in opposition to the fairness, reasonableness and adequacy of the proposed settlement, and on the application for an award of attorneys' fees and costs. Any objection that includes a request for exclusion will be treated as an exclusion.

If the Court grants final approval of the settlement, the Settlement Administrator will mail a settlement check to each Settlement Class Member. Each Settlement Class Member will receive $46.95 from the Settlement Fund.

The Court will conduct a hearing ("Final Approval Hearing") on **July 16, 2021 at 3:30 p.m.** at the United States District Court for the Southern of New York, 300 Quarropas Street White Plains, NY 10601 in Courtroom 621, to review and rule upon the following issues:

    A.    Whether this action satisfies the applicable prerequisites for class action treatment for settlement purposes under Rule 23;

  B.  Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court;

  C.  Whether a Final Order and Judgment, as provided under the Settlement Agreement, should be entered, dismissing the Lawsuit with prejudice and releasing the Released Claims against the Released Parties; and

  D.  To discuss and review other issues as the Court deems appropriate.

Attendance by Class Members at the Final Approval Hearing is not necessary. Class Members need not appear at the hearing or take any other action to indicate their approval of the proposed class action settlement. Class Members wishing to be heard are, however, required to appear at the Final Approval Hearing. The Final Approval Hearing may be postponed, adjourned, transferred, or continued without further notice to the Class Members.

Memoranda in support of the proposed settlement must be filed with the Court no later than 30 days before the Final Approval Hearing, *i.e.*, **no later than June 16, 2021**. Opposition briefs to any of the foregoing must be filed no later than 14 days before the Final Approval Hearing, *i.e.*, **no later than July 2, 2021**. Reply memoranda in support of the foregoing must be filed with the Court no later than 7 days before the Final Approval Hearing, *i.e.*, **no later than July 9, 2021**.

Memoranda in support of any petitions for attorneys' fees and reimbursement of costs and expenses by Class Counsel, must be filed with the Court no later than 21 days before the deadline for Class Members to object to, or exclude themselves from, the settlement, *i.e.*, **no later than May 17, 2021**. Opposition briefs to any of the foregoing must be filed no later than 21 days thereafter, *i.e.*, **no later than June 7, 2021**. Reply memoranda in support of the

foregoing must be filed with the Court no later than 7 days after the filing of any opposition brief.

The Settlement Agreement and this Order will be null and void if either of the Parties terminates the Settlement Agreement for any of the following reasons:

A. Any specified material condition to the settlement set forth in the Settlement Agreement is not satisfied, and the satisfaction of such condition is not waived in writing by the Parties;

B. The Court rejects any material component of the Settlement Agreement, including any amendment thereto approved by the Parties; or

C. The Court approves the Settlement Agreement, including any amendment thereto approved by the Parties, but such approval is reversed on appeal and such reversal becomes final by lapse of time or otherwise.

The events described above, however, provide grounds for terminating the Settlement Agreement only after the Parties have attempted and completed good faith negotiations to salvage the settlement but were unable to salvage the settlement.

If the Settlement Agreement and/or this Order are voided, then the Settlement Agreement will be of no force and effect and the Parties' rights and defenses will be restored, without prejudice, to their respective positions as if the Settlement Agreement had never been executed and this Order never entered.

The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Settlement Agreement.

The Court sets the following schedule:

| Date | Event |
| --- | --- |
| **March 24, 2021** | Preliminary Approval Order entered |
| April 14, 2021 | Notice sent (21 days after entry of Preliminary Approval Order) |
| May 17, 2021 | Attorneys' Fees Petition due (21 days before exclusion and objection deadline) |
| June 7, 2021 | Deadline to send exclusion or file objection, or to oppose the Attorneys' Fees Petition (75 days after entry of Preliminary Approval Order) |
| June 16, 2021 | Motion for Final Approval due (30 days before Final Approval Hearing) |
| July 2, 2021 | Opposition to Motion for Final Approval, if any, due (14 days before Final Approval Hearing) |
| July 9, 2021 | Reply in support of Motion for Final Approval, if applicable, due (7 days before Final Approval Hearing) |
| July 16, 2021 at 3:30 p.m. | Final Approval Hearing held |

**SO ORDERED.**

Dated: March 24, 2021
       White Plains, New York

*Cathy Seibel*
CATHY SEIBEL, U.S.D.J.