UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Paul Quatinetz, individually and on behalf of a class<br><br>Plaintiff,<br><br>v.<br><br>Eco Shield Pest Control New York City, LLC; and Optio Solutions LLC<br><br>Defendants. | Civil Action No. 7:19-cv-08576-CS<br><br>**DECLARATION OF SHIMSHON WEXLER IN SUPPORT OF MOTION FOR FINAL APPROVAL OF THE SETTLEMENT AGREEMENT** |

I, Shimshon Wexler, of full age, hereby certify as follows:

1. I am an attorney at law admitted to practice before this Court. On March 24, 2021, this Court entered an Order certifying this case as a class action pursuant to Fed. R. Civ. P. 23(b)(3) and, *inter alia*, appointing me as co-Class Counsel. [Doc. No. 36]. As such, I am fully familiar with all the facts set forth herein and state them to be true. I submit this Declaration in support of Plaintiff's Motion for Final Approval of the Class Action Settlement Agreement ("Settlement Agreement").

2. I have been admitted to practice law in the State of New York since January 11, 2010 and have remained a member in good standing since that time. I am also admitted to practice law before the United States District Courts for the Eastern District of New York, Southern District of New York and Western District of New York. I am also admitted to practice before the bar of the Northern District of Florida as well as the United States Court of Appeals for the Second Circuit.

3. I have been admitted to practice law in the state of Georgia since June 2015 and the United States District Courts of the Northern and Middle districts of Georgia as well as the United State Court of Appeals for the Eleventh Circuit.

1

4. My license to practice law has never been suspended or revoked by the State of New York or by any court. There are no disciplinary proceedings pending against me in any jurisdiction and no discipline has been imposed on me in any jurisdiction.

5. I received my bachelor's degree from Touro College in 2003 and graduated from New York Law School in 2009.

6. Just following and before my graduation from law school and admission to the New York bar I worked as a paralegal and attorney for the law firm of Herzfeld & Rubin, PC.

7. As part of my foregoing legal work experience, I have worked on many complex commercial and consumer matters. Since leaving Herzfeld & Rubin, PC in late 2010, I have been engaged as a solo practitioner. I have a practice representing consumers on claims under the Fair Debt Collection Practices Act, 15 U.S.C. §§1692, *et seq*. the Electronic Funds Transfer Act 15 U.S.C. §§1693, *et seq* and the Fair Credit Reporting Act 15 U.S.C. §§1681, *et seq*. I am now, and have been, involved in actions brought as individual claims as well as class actions.

8. I have been certified to act as sole lead class counsel in consumer class action lawsuits. See *Gonzalez v Relin, Goldstein & Crane, LLP*, U.S. District Court, S.D.N.Y. Case No. 12-cv-783-ER (FDCPA) and the EFTA consumer class action of *Fried v. The Bank of Castile*, U.S. District Court, W.D.N.Y. Case No. 12-cv-624-WMS.

9. I have also been certified as class co-counsel in several FDCPA class actions. See *Burton v. Nations Recovery Ctr., Inc.*, U.S. District Court, E.D.N.Y. Case No. 13-cv-1426-BMC and *Cohn v New Century*, U.S. District Court, E.D.N.Y. Case No. 14-cv-2855-RER.

10. I have also been certified as class co-counsel in several Fair and Accurate Credit Transactions Act ("FACTA") class actions. See *Katz v ABP Corp.*, U.S. District Court,

E.D.N.Y. Case No. 12-cv-4173-ENV-RER; *Schwartz v Intimacy*, U.S. District Court, S.D.N.Y. Case No. 13-cv-5735-PGG; and *Soto v. Six Flags Great America, et al*, Circuit Court of the 19th Judicial District, Lake County Illinois, Case No. 17 CH 1118. Final Approval on the Soto matter is still pending.

11. I have been certified as class co-counsel in the landlord tenant case of *Roberson v ECI Group, Inc et al*, 17A64506, Dekalb County, Georgia State Court.

12. I believe the recovery of $46.95 per class member to be reasonable because only statutory damages were sought in this matter, the method of calculating those statutory damages, and because a person may not recover statutory damages under the both the FDCPA and GBL for the same violation.

13. Fed. R. Civ. P. 23(h) provides, in part, "the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." I respectfully submit that such fees and costs are authorized by law pursuant to 15 U.S.C. § 1692k(a)(3), and by the Parties' Settlement Agreement. Following the filing of a motion to certify this case as a class action, the Parties engaged in settlement negotiations which culminated in the Settlement Agreement. As a part of the Settlement Agreement, Defendant agreed to pay Class Counsel Forty Thousand ($40,000.00) dollars for their reasonable fees and costs incurred in this action. [*See* Doc. No. 33-2, pg. 18 at ¶ 39.2]. The Parties did not resolve the issue of attorneys' fees and costs until after they had first resolved the other material terms of the Settlement Agreement. Aside from the Settlement Agreement, there are no other agreements or understandings between Plaintiff and Defendants or their respective counsel. Finally, all of Class Counsels' attorneys' fees and costs are to be paid by Defendants separate from the Settlement Fund, and therefore the

attorneys fee payment will not in any way dilute the recovery for each Settlement Class member.

14. As of February 18, 2021, I had expended a total of 42.3 hours on this matter, which does not include preparation for, or attendance at, the fairness hearing, nor my work on this motion for final approval or the Motion for Attorneys' Fees. Based on the hourly rate for my work that I am seeking in this matter ($400 per hour), the gross attorneys' fees related to my work is $16,920. Additionally, I have incurred $650.10 in costs for filing fees, process service fees, and court transcript fees.

15. Among other things, I expended significant time in this Action with respect to the following tasks: meetings and phone calls with the client, drafting the complaint, research into the claims, work on drafting the amended complaint, opposing the Defendants' Motion to Dismiss, assisting with drafting discovery demands, work on answering Defendant's discovery demands, negotiating and drafting the Settlement Agreement, work on drafting and filing the Motion for Preliminary Certification, work on drafting the Motion for Attorneys' Fees, and work on drafting and filing this Motion for Final Approval.

16. A large portion of the legal work I perform involves contingent fee litigation representing plaintiffs in FDCPA and other consumer protection matters. FDCPA cases are subject to fee shifting provisions under 15 U.S.C. §1692k(a). I regularly represent plaintiffs in FDCPA matters in Federal Courts in Georgia and New York. I frequently work with other FDCPA plaintiff's lawyers and, in that regard, I am generally familiar with the range of hourly fees charged by other plaintiff's lawyers in FDCPA matters.

17. I respectfully submit that my hourly rate of $400 sought herein, is fair, reasonable, and consistent with rates awarded in this District to other attorneys with similar knowledge and experience. The fees are also fair and reasonable and considering the risks inherent in bringing and prosecuting cases such as this one.

*In accordance with 28 U.S.C. §1746, I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 16th Day of June 2021.*

/s/ Shimshon Wexler
S, Wexler, LLC
2244 Henderson Mill Road, Suite 108
Atlanta, GA 30345
*Attorney for Plaintiff, Paul Quatinetz and the Class.*