UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Paul Quatinetz, individually and on behalf of a class<br><br>                        Plaintiff,<br>v.<br><br>Eco Shield Pest Control New York City, LLC; and Optio Solutions LLC<br><br>                        Defendants. | Civil Action No. 7:19-cv-08576-CS |

## **FINAL JUDGMENT**

On September 16, 2019, Paul Quatinetz ("Plaintiff or "Class Representative") filed a class action complaint (hereinafter referred to as the "Lawsuit") against Eco Shield Pest Control New York City, LLC ("Eco Shield") and Optio Solutions LLC ("Optio") (collectively the "Defendants"), in the United States District Court for the Southern District of New York, Civil Action No: 7:19-cv-08576-CS, asserting class action claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and Section 349 of the New York General Business Laws.

Defendants have denied any and all liability alleged in the Lawsuit.

On February 19, 2021, after extensive arms-length negotiations, Plaintiff and Defendants (hereinafter jointly referred to as the "Parties") finalized and fully entered into a written Class Action Settlement Agreement (hereinafter referred to as the "Settlement Agreement"), which is subject to review under Fed. R. Civ. P. 23.

On February 19, 2021, Plaintiff filed the Settlement Agreement, along with Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement [Doc. No. 33] (the "Preliminary Approval Motion").

In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(D), 1453, and 1711-1715, Defendants, served written notice of the proposed class settlement as directed.

On March 24, 2021, upon consideration of Plaintiff's Preliminary Approval Motion and the record, this Court entered an Order of Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Order"). Pursuant to the Preliminary Approval Order, the Court, among other things, (i) preliminarily approved the proposed settlement, (ii) certified this Lawsuit as a class action, (iii) appointed Ryan Gentile, Esq and Shimshon Wexler, Esq. as class counsel and Paul Quatinetz as Class Representative, and (iv) set the date and time of the Final Approval Hearing.

On June 16, 2021, Plaintiff filed a Motion for Final Approval of Class Action Settlement (the Final Approval Motion").

On July 16, 2021 at 3:30pm, a Final Approval Hearing was held pursuant to Fed. R. Civ. P. 23 to determine whether the claims asserted in the Lawsuit satisfy the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court.

The Parties now request final certification of the settlement class under Fed. R. Civ. P. 23 (b)(3) and final approval of the Settlement Agreement.

The Court has read and considered the Settlement Agreement, Motion for Final Approval, and the record of these proceedings. All capitalized terms used herein have the meanings defined herein and/or in the Settlement Agreement.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

**CLASS MEMBERS** – The Court previously certified this Lawsuit as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure. The Class is defined as:

> (a) all individuals (b) with a New York address (c) from whom Defendants attempted to collect and/or asserted a right to collect, a collection fee in addition to any amount Eco Shield claimed such individual owed them (d) from September 16, 2016 through September 16, 2019

Defendants have identified a total of 472 Class Members.

**CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT** - On March 24, 2021, pursuant to Fed. R. Civ. P. 23, the Court certified Paul Quatinetz as the Class Representative and Ryan Gentile, Esq. and Shimshon Wexler, Esq. as Class Counsel and this Court hereby reaffirms its prior certifications.

**NOTICES TO THE CLASS** – Pursuant to the Court's Preliminary Approval Order, the approved class action notices were timely mailed to the class members. The form and method for notifying the Class Members of the settlement and its terms and conditions were in conformity with this Court's Preliminary Approval Order and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process and constituted the best notice practicable under the circumstances. The Court finds that the notice was clearly designed to advise the Class Members of their rights.

**FINAL CLASS CERTIFICATION** - The Court finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23 for the purposes of settlement, namely:

> A. The Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

B.  There are questions of law and fact common to the Class Members, which predominate over any individual questions;

C.  The claims of the Plaintiff are typical of the claims of the Class Members;

D.  The Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

E.  Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy

The Court finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Settlement Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of (1) the complexity and duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining a class action; (7) the ability of the Defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement in light of the best recovery; and (9) the range of reasonableness of the settlement in light of all the attendant risks of litigation. *See* City of Detroit v. Grinnell Corp., 495 F.2d 448, 454 (2d Cir. 1974)

**SETTLEMENT TERMS** - The Settlement Agreement, which is deemed incorporated herein, is finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. The material terms of the Settlement Agreement include, but are not limited to, the following:

1.  Settlement Fund - Defendants will establish a settlement fund of $46.95 per class member for a total of $22,159.70 (the "Settlement Fund")

2.  Settlement Payment to Class Members - Each Class Member who has not excluded themselves from the Class with a postmark date no later than June 7, 2021 will receive a $46.95

4

check from the Settlement Fund. Each settlement check will be void ninety days after mailing. To the extent that any funds remain in the Settlement Fund after the void date (from uncashed checks or otherwise), these funds will be returned to the Defendants.

3. <u>Class Representative Settlement Amount</u> - Class Representative will receive from Defendants the sum of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i) and $500.00 as an incentive award for their work on behalf of the Class Members for a total amount of $1,500 ("Class Representative Settlement Amount"). These payments will be separate and apart from the Settlement Fund and Plaintiff's pro-rata share of the same.

4. <u>Attorneys' Fees, Expenses, and Costs of Class Counsel</u> – Subject to this Court's approval, Defendants will pay Class Counsel the total sum of $40,000.00 for its reasonable attorneys' fees, costs and expenses ("Attorneys' Fees"), separate and apart from the Settlement Fund, the Class Representative Settlement Amount, and any Settlement Administration Costs. The $40,000 will be paid as follows, $20,000 in a check made payable to Law Offices of Shimshon Wexler, Attorney Trust Account and $20,000 in check payable to Law Offices of Gus Michael Farinella, PC, Attorney Trust account; and

5. <u>Settlement Notice and Administration</u> – Separate from the Settlement Fund, the Class Representative Settlement Amount, and the Attorneys' Fees, Defendants are responsible for paying all costs of notice and administration of the settlement ("Settlement Administration Costs") , which will be completed by Phoenix Class Action Administration Solutions.

**OBJECTIONS AND EXCLUSIONS** - The Class Members were given an opportunity to object to the Settlement Agreement. Zero (0) Class Members objected to the Settlement Agreement. Zero (0) Class Members excluded themselves from the Settlement Agreement. This

Order is binding on all Class Members who did not exclude themselves from the Settlement Agreement.

**RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT** - Plaintiff, Class Members, and their successors and assigns are permanently barred and enjoined from instituting, prosecuting, intervening in or participating in, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Settlement Agreement. Pursuant to the release contained in the Settlement Agreement, the Released Claims are compromised, settled, released, discharged, by virtue of these proceedings and this order.

The Lawsuit is hereby dismissed with prejudice in all respects. This Order is not, and shall not be construed as, an admission by Defendants of any liability or wrongdoing in this or in any other proceeding. The Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Lawsuit and/or Settlement Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order, and the approval of any attorneys' fees, costs, and expenses to Class Counsel.

IT IS SO ORDERED

Dated: 7/16/21

_Cathy Seibel_
UNITED STATES DISTRICT JUDGE

The Clerk shall close the case.